438 A.2d 1001

**Joseph FRIEDMAN and Frida Friedman, Appellants,**

v.

**Victor I. KASSER and Barbara Kasser and Leonard Feldman and Bernice Feldman.**

Superior Court of Pennsylvania.

Argued May 12, 1981.

Filed Dec. 18, 1981.

Milton S. Lazaroff, Philadelphia, for appellants.

Abraham C. Reich, Philadelphia, for appellees.

Before MONTEMURO, HOFFMAN and VAN der VOORT, JJ.

PER CURIAM:

Because no final decree in equity was entered on the docket below we cannot reach the merits and, accordingly, quash this appeal. A lower court's direction to enter a specified order, unaccompanied by actual entry of the specified order on the docket, is interlocutory and not appealable and must be reduced to judgment and docketed before an appeal can be taken. Pa.R.A.P. 301(c). *See Coren v. DiDomenico*, 291 Pa. Superior Ct. 331, 435 A.2d 1252 (1981). The order appealed from merely states that the decree nisi "shall be entered on praecipe." No final decree was ever entered.

Consequently, we must quash this appeal. *Murray v. Abcon, Inc.*, 291 Pa. Superior Ct. 428, 435 A.2d 1301 (1981); *Mercadante v. Ranieli*, 271 Pa. Superior Ct. 565, 414 A.2d 397 (1979).

Appeal quashed.

MONTEMURO, J., files a dissenting opinion.

MONTEMURO, Judge, dissenting:

I dissent.

The litigants in this case have had a property-line dispute in our court system since August of 1978. There is at present a cloud on the titles of these properties which is now heading into its fourth year. The case was docketed into the Superior Court in December of 1980, was argued in May of 1981, and the present opinion will be published in November of 1981. By that schedule, the litigants can now expect to spend another year in this state of indecision in which neither can easily sell or improve the properties.

The decision to quash strikes me as particularly unjust in this instance, as the Order of the Lower Court upon which the appeal was taken is written in the imperative as follows:

"The decree nisi shall be entered on praecipe as the final decree.

The Prothonotary shall immediately give notice by ordinary mail to the attorneys of record of the entry of the final decree."

Counsel reading such mandatory wording would justifiably suppose that judgment had been entered by Order of the Court, that the matter was completed by the time they received notice, and that an appeal was taken properly from a *final* decree of the lower court.

I am in full accord with the reasoning of Judge Spaeth in his recent dissent in the case of *Coren v. DiDomenico*, 291 Pa.Super. 331, at 335, 435 A.2d 1252 at 1254 (1981), where he states:

No doubt a praecipe and ensuing judgment make for a tidy docket. But tidiness should not become an end in itself. What an appellate court needs to know is what the

*lower court,* not the clerk, did. It is the contents of the lower court's order, not the presence or absence of a praecipe, that should control our jurisdiction. So long as the docket is tidy enough to disclose when the lower court's order was filed and what it said, we can tell whether we have the power to hear the appeal.

Appeal in the instant matter was taken timely from date of a final order of the lower court duly entered on the docket. Neither party has raised any issue of a statute of limitations; indeed, both parties will be dismayed at further delay. Not only have the litigants expended time, money and emotional trauma on this issue, the court system has scheduled the matter, heard argument and reviewed the case. And now all the effort must be duplicated.

I cannot believe that a single productive purpose is being accomplished by quashing this case. I would recommend to counsel that they request accelerated re-listing for argument.

I would address the merits of the case, and therefore I dissent.