**Elmer L. THOMAS, Appellant,**

v.

**John ELASH, Appellee.**

**Elmer L. Thomas, Appellant,**

v.

**John Elash, Appellee.**

Superior Court of Pennsylvania.

Submitted April 9, 2001.
Filed July 25, 2001.

---

**3.** Effective April 1, 2001, Pa.R.Crim.P. 55, **Issuance of citation,** was renumbered Pa. R.Crim.P. 405.

**4.** 18 Pa.C.S.A. § 5503.

Elmer L. Thomas, appellant, pro se.

John L. Elash, Pittsburgh, appellee, in propria persona.

Before: DEL SOLE, President Judge, STEVENS and TAMILIA, JJ.

### OPINION

PER CURIAM.

¶ 1 This is a consolidated appeal of two orders entered in the Court of Common Pleas of Huntingdon County effectively entering judgment for Appellee/Defendant, John Elash, Esq., and against Appellant/Plaintiff, Elmer Thomas, in this breach of contract action. Appellant's central issue is one of first impression: Does the prisoner mailbox rule apply to the filing of post trial motions in a civil case?

¶ 2 Appellant is serving a term of life imprisonment for the murder of his mother. Following his conviction in 1982, Appellant availed himself of virtually every means possible to appeal his sentence including: a direct appeal to this Court; five petitions for post conviction collateral relief,[1] two of which were appealed to this

---

1. Appellant sought relief under both the now  defunct Post Conviction Hearing Act (PCHA)

Court and one appealed to the Pennsylvania Supreme Court; and a federal habeas corpus petition. In 1992, Appellant filed his sixth petition for collateral relief, *pro se,* pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. § 9541 *et seq.* He subsequently retained the services of Appellee, an attorney, who filed an amended petition which was ultimately denied by the trial court. Appellee continued to represent Appellant through an appeal to this Court which affirmed the trial court's order denying relief.

¶ 3 On July 7, 1995, Appellant filed a Complaint in the Court of Common Pleas of Huntingdon County against Appellee alleging breach of contract in the underlying criminal action.[2] After Appellant filed two Amended Complaints, Appellee filed an Answer and New Matter. In mid June of 1998, Appellant sent Appellee a Request for Admissions. On July 30, 1998, Appellant filed a motion for summary judgment based on Appellee's failure to respond to the Request for Admissions within 30 days. When Appellee failed to file a timely response to the summary judgment motion, the trial court, by Order dated October 13, 1998, directed Appellee to submit a response within 30 days. Appellee complied with the court's order and, additionally, sought leave of court to file a late response to Appellant's Request for Admissions. On November 13, 1998, the trial court entered an order (1) granting Appellee an extension of time to respond to Appellant's Request for Admissions; (2) denying Appellant's motion for summary judgment; and (3) directing the Prothonotary to appoint a panel of arbitrators to decide the case.

¶ 4 Following a March 25, 1999 hearing, a panel of arbitrators entered an award in favor of Appellee. Appellant filed a timely appeal to the Court of Common Pleas. Following trial de novo, the court entered judgment for Appellee and against Appellant by Order dated January 31, 2000. Appellant's timely appeal to this Court was quashed because he had failed to file post trial motions pursuant to Pa. R.C.P. 227.1. Appellant subsequently filed a petition in the trial court entitled "Petition for the Honorable Stewart Kurtz to Enter his Final Judgment on Plaintiff'[s] Post Trial Motions Mailed to the Court on February 4, 2000 from Non–Jury Trial Decision of January 31, 2000 in Favor of Defendant." In that petition, Appellant alleged that he had filed post trial motions in the underlying case, but that the trial court had failed to rule on them. He attached a copy of the post trial motions to the petition, and claimed that he mailed them from prison on February 4, 2000, within the requisite 10 days from the verdict. By Order dated October 25, 2000, the trial court directed the Prothonotary to enter judgment for Appellee and against Appellant. Appellant filed a timely appeal from that Order, docketed at 2153 MDA 2000.[3]

and its successor, the Post Conviction Relief Act (PCRA).

**2.** Appellant claims that he instructed Appellee to attach various items and documents to his *pro se* petition which he contends would have demonstrated that a miscarriage of justice occurred, sufficient to overcome the standard for second and subsequent PCRA petitions set forth in *Commonwealth v. Lawson,* 519 Pa. 504, 549 A.2d 107 (1988).

**3.** We note that "[a] lower court's direction to enter a specified order, unaccompanied by actual entry of the specified order on the docket, is interlocutory and not appealable[.]" *Friedman v. Kasser,* 293 Pa.Super. 294, 438 A.2d 1001, 1002 (1981). When this Court received the appeal, judgment had not yet been entered on the docket. Accordingly, we entered an Order directing the trial court prothonotary to enter judgment pursuant to the trial court's October 25th Order. Judg-

¶ 5 On November 3, 2000, Appellant re-filed post trial motions in the trial court. By Order dated November 16, 2000, the court noted that it would take no action "[s]ince the present motion is untimely ... and since the case is concluded[.]" (Order, dated 11/16/00). Accordingly, the court directed the Prothonotary to docket the motion, and close the file. (*Id.*). Appellant filed a timely appeal from the November 16th Order, docketed at 2067 MDA 2000. These appeals were consolidated for disposition.

■ ¶ 6 We can dispose of Appellant's second appeal quickly. Pennsylvania Rule of Appellate Procedure 1701(a) dictates that "after an appeal is taken or review of a quasijudicial order is sought, the trial court or other governmental unit may no longer proceed further in the matter." Here, Appellant filed an appeal from the court's October 25th Order. Thereafter, the court had no jurisdiction to take further action in the case. Thus, the appeal from the November 16th Order, docketed at 2067 MDA 2000, must be quashed.[4]

¶ 7 Although Appellant ostensibly raises three issues in his brief, only one is presented: Are the issues raised in Appellant's post trial motions preserved for appeal when timely post trial motions were mailed from prison, but were never received by the trial court? In essence, Appellant asks us to apply the prisoner mailbox rule to filings in civil cases. Although we hold that the prisoner mailbox rule does apply in the present case, we

find that Appellant is still entitled to no relief.

¶ 8 Our Commonwealth's "prisoner mailbox rule" evolved from the United States Supreme Court's decision in *Houston v. Lack,* 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988). There, the Court held that a federal prisoner's *pro se* notice of appeal was considered "filed" on the day it was delivered to prison authorities for forwarding to the court clerk. *Id.* at 276, 108 S.Ct. 2379. The Court reasoned that prisoners proceeding *pro se* "cannot take the steps other litigants can take to monitor the processing of their notices of appeal and to ensure that the court clerk receives and stamps their notices of appeal before the 30–day deadline." *Id.* at 270–71, 108 S.Ct. 2379.

¶ 9 Relying on the *Houston* decision, the Pennsylvania Supreme Court applied the prisoner mailbox rule to a *pro se* appeal to the Commonwealth Court from a decision of the Pennsylvania Board of Probation and Parole. The Court explained:

The *pro se* prisoner's state of incarceration prohibits him from directly filing an appeal with the appellate court and prohibits any monitoring of the filing process. Therefore, we now hold that in the interest of fairness, a *pro se* prisoner's appeal shall be deemed to be filed on the date that he delivers the appeal to prison authorities and/or places his notice of appeal in the institutional mailbox. We warn, however, that this holding applies only to *pro se* petitioners who are incarcerated.

ment was subsequently entered on March 5, 2001. Therefore, we will consider the appeal filed after the entry of judgment. Pa.R.A.P. 905(a); *Dominick v. Hanson,* 753 A.2d 824, 825 n. 1 (Pa.Super.2000) (permitting appeal from order denying post trial motions when judgment was entered on docket after appeal was taken).

4. Although Appellant filed an appeal from both Orders, he lists only the October 25th Order as the order in question in his brief. (Appellant's Brief at 2). *See* Pa.R.A.P. 2115(a) (mandating that appellant set forth in brief verbatim the text of the order(s) from which appeal is taken).

*Smith v. Pa. Bd. of Prob. & Parole,* 546 Pa. 115, 683 A.2d 278, 281 (1996).

¶ 10 Since the *Smith* decision, the Supreme Court has "extend[ed] the prisoner mailbox rule to **all** appeals by pro se prisoners." *Commonwealth v. Jones,* 549 Pa. 58, 700 A.2d 423, 426 (1997) (emphasis added). *See Id.* (applying prisoner mailbox rule to appeal from denial of PCRA relief); *Commonwealth v. Cooper,* 710 A.2d 76 (Pa.Super.1998) (applying prisoner mailbox rule to appeal from order affirming district attorney's denial of private criminal complaint). Moreover, this Court has applied the same principles to determine the filing date of a PCRA petition. *Commonwealth v. Little,* 716 A.2d 1287 (Pa.Super.1998). No appellate court, however, has applied the prisoner mailbox rule to a *pro se* filing in a civil case.

¶ 11 In applying the prisoner mailbox rule to the spectrum of private criminal complaints, this Court explained that the rule

> is based on affording prisoners the same appellate opportunities as other litigants. The reasoning does not depend on the importance of the rights at stake when a prisoner challenges his or her sentence or conviction. In fact, the U.S. Supreme Court in *Lack* specifically rejected the argument that the rule depends on whether the appeal is criminal or civil.

*Cooper, supra* at 78 (citations omitted). We find the same true here: an incarcerated, *pro se* litigant in a civil action is faced with the same difficulties in tracking his filings as an incarcerated defendant pursuing relief, *pro se,* from a criminal conviction. Therefore, we hold that the prisoner mailbox rule applies to all *pro se* legal

filings by incarcerated litigants. As such, a legal document is deemed filed by an incarcerated litigant, proceeding *pro se,* on the date it is delivered to the proper prison authority or deposited in the prison mailbox. Accordingly, the rule applies in the present case, and we will consider Appellant's post trial motions as filed on the date they were deposited in the prison mailbox.[5]

¶ 12 To avail himself of the prisoner mailbox rule, however, an incarcerated litigant must supply sufficient proof of the date of mailing, which Appellant here has failed to do. Attached to a copy of his post trial motions is a copy of a proof of service, stating that Appellant mailed the motions on February 4, 2000. That document, however, is not notarized. Normally, in such a case, we would remand to the trial court for a hearing on the issue. *See Jones, supra* at 426 n. 3 (stating that "[w]here . . . the facts concerning the timeliness [of the filing] are in dispute, a remand for an evidentiary hearing may be warranted."); *Little, supra* at 1289 (remanding to PCRA court to consider documentary evidence submitted by petitioner to establish timeliness of petition). In the present case, however, no remand is necessary as we find Appellant is, in any event, entitled to no relief.

¶ 13 Although Appellant may have preserved the issues raised in his post trial motions by mailing the motions within 10 days of the verdict, he has now waived those issues by failing to include them in his brief to this Court. Pennsylvania Rule of Appellate Procedure 2116(a) mandates that an appellant must present all issues on appeal in the Statement of

---

5. In response to the dissent of our esteemed colleague, Judge Stevens, the prisoner mailbox rule is procedural, not jurisdictional. Therefore, the creation and implementation of this procedure is properly before the courts of Pennsylvania, not the legislature, Constitution of Pennsylvania, Article 5 Section 10(c).

Questions Involved section of his brief. "This rule is to be considered in the highest degree mandatory, admitting of no exception; ordinarily, no point will be considered which is not set forth in the statement of questions involved or suggested thereby." *Id.* In addition, Appellant failed to provide any argument to support his claims. Issues not addressed in the Argument section of an appellate brief are waived for purposes of appeal. *Estate of Lakatosh*, 441 Pa.Super. 133, 656 A.2d 1378, 1381 (1995). *See also* Pa. R.A.P. 2119(b). Having failed to properly raise and address the issues in his brief, Appellant has precluded our review of his substantive claims.[6]

¶ 14 We note, however, that even if we were to consider the issues raised in Appellant's post trial motions, we would find them meritless. Appellant contends that the trial court erred in (1) ordering Appellee to respond to Appellant's summary judgment motion, *sua sponte*, after the 30 day period for a response had passed; (2) granting Appellee an extension of time to file responses to Appellant's Request for Admissions, after the 30 day period for responses had passed; and (3) finding that Appellant presented no evidence at trial to support his claim.[7]

¶ 15 Appellant's first two claims assign error to rulings within the trial court's discretion. Pa.R.C.P. 1035.3(d) **permits** a trial court to enter judgment against a party who fails to respond to a summary judgment motion.

However, the rule is by no means mandatory. Indeed, "[i]t is not meant to abrogate the general rule that 'when ruling on a motion, it is within the discretion of the trial court to decide whether briefs and/or oral argument are required or whether the matter can be best disposed of from a review of the record alone.' " *Smitley v. Holiday Rambler Corp.*, 707 A.2d 520, 526 (Pa.Super.1998) (citations omitted). We find no abuse of discretion here.

¶ 16 Similarly, Pa.R.C.P. 4014(b) provides that all matters raised in a request for admissions are deemed admitted when a party fails to respond to the request within 30 days. However, the Rule also permits a trial court to extend the time for filing a response, *id.*, which is exactly what the court did here. Again, we find no abuse of discretion.

¶ 17 Finally, Appellant argues that the trial court erred in concluding that he presented no evidence in support of his claim. In its Memorandum following trial, the court found that Appellant "did not prove at trial that the contract of employment included terms other than the promise by [Appellee] to prepare and file a PCRA petition—a promise which he kept." (Memorandum, 1/31/00, at 4, ¶ 16). The one day bench trial consisted solely of the parties' testimony. Obviously, the trial judge disbelieved Appellant's description of the contract terms. *See Anchel v. Shea*, 762 A.2d 346, 358 (Pa.Super.2000) ("It is the fact-finder's duty to judge the credibili-

---

6. We note that Appellant's *"pro se* status does not entitle [him] to any particular advantage because of his ... lack of legal training." *First Union Mortg. Corp. v. Frempong*, 744 A.2d 327, 333 (Pa.Super.1999). Moreover, his contention that he should be held to some lesser standard than other *pro se* litigants who are not incarcerated is ridiculous. We will not permit Appellant to benefit from his criminal conviction.

7. We note that these particular issues appear in the post trial motions attached to Appellant's petition, filed September 15, 2000, requesting the trial court to enter judgment. Appellant filed slightly different post trial motions on November 3, 2000, after he had already filed an appeal to this Court. We will address only those issues raised in the former.

ty of the witnesses and weigh their testimony."). Although the judge indicated during trial that he had in his possession the documents that were introduced during the arbitration hearing, he did not explain what those documents were, and they are not included in the record certified to this Court on appeal. Thus, Appellant's claim fails.

¶ 18 In sum, we hold that the prisoner mailbox rule applies to all *pro se* filings by incarcerated litigants. Therefore, in the present case, had Appellant provided sufficient proof of mailing, we would have considered his *pro se* post trial motions filed on the date he deposited them in the prison mailbox. However, because Appellant failed to include the underlying substantive issues in his appellate brief, they are waived for purposes of appeal.

¶ 19 Judgment affirmed.

Dissenting Opinion filed by STEVENS, J.

¶ 1 I respectfully disagree with the Majority's sweeping policy proclamation that "... the prisoner mailbox rule applies to all *pro se* legal filings by incarcerated litigants." Rather, I would address the issue on a case-by-case basis consistent with established case law.

¶ 2 Moreover, sweeping policy changes in the law should come from the duly elected state legislators, not the court. Any extension of the prisoner mailbox rule to civil cases, therefore, is a question to be decided by the Pennsylvania Legislature, where the issue can be appropriately debated in an open and public forum.