Marsha TAXIN, Appellant,

v.

Marjorie SHOEMAKER, as Executrix of the Estate of Pellman B. Shoemaker, Appellee.

Superior Court of Pennsylvania.

Filed May 21, 2002.

Gregory J. Kowalski, Philadelphia, for appellant.

Lee H. Rosenau, Philadelphia, for appellee.

Before HUDOCK, MUSMANNO and KLEIN, JJ.

PER CURIAM.

¶ 1 On February 28, 2002, Appellant filed a praecipe for entry of judgment on the jury verdict in favor of Appellee, and judgment was entered on the same date. Appellant then filed a notice of appeal on March 1, 2002. Appellee has filed a motion to quash this appeal as untimely.

¶ 2 On November 26, 2001, a jury trial resulted in a verdict in Appellee's favor. Appellant filed a timely motion for post-trial relief, see Pa.R.C.P. 227.1, and on January 15, 2002, the trial court entered the following order: "AND NOW, this 15th day of January, 2002, upon consideration of [Appellant's] Post–Trial Motion, all responses thereto, and oral argument before this Court; it is hereby OR-DERED AND DECREED that the Post–Trial Motion is DENIED. JUDGEMENT is entered in favor of [Appellee] and against [Appellant]." Appellant, however, did not file a notice of appeal from this order and, instead, filed a praecipe for entry of judgment on February 28, 2002.

¶ 3 The January 15th denial of Appellant's motion for post-trial relief and entry of judgment was final and immedi-

**860**

ately appealable. *Cf. Yon v. Yarus,* 700 A.2d 545, 546 (Pa.Super.1997) (order denying post-trial motions is not appealable until order is reduced to judgment); *Somerset Cmty. Hosp. v. Allan B. Mitchell & Assocs., Inc.,* 454 Pa.Super. 188, 685 A.2d 141, 144 n. 1 (1996) (orders dismissing post-trial motions following jury trial are interlocutory and nonappealable until judgment has been entered). Since the January 15th entry of judgment was final and appealable, Appellant's notice of appeal should have been filed on or before February 14, 2002. *See* Pa.R.A.P. 903(a) (notice of appeal shall be filed within thirty days after the entry of the order from which the appeal is taken).

¶ 4 Appellant's subsequent praecipe for entry of judgment was superfluous and unnecessary. *See, e.g., Weiser v. Bethlehem Steel Corp.,* 353 Pa.Super. 10, 508 A.2d 1241, 1244 n. 6 (1986) (where appellant filed notices of appeal from verdict, denial of post-trial motions and judgment, appeal from verdict quashed as interlocutory and appeal from judgment quashed as superfluous; entry of judgment on order denying post-trial motions rendered that order appealable); *compare* Pa.R.C.P. 227.4(2) (prothonotary shall, upon praecipe of a party, enter judgment when a court grants or denies relief *but does not itself enter judgment* or order the prothonotary to do so) (emphasis added).

■ ¶ 5 Consequently, we hold that where a trial court denies a party's post-trial motions *and* unequivocally enters judgment in the same order, that order is immediately appealable and an appeal should be filed within thirty days of its entry on the trial court docket.[1] Since Appellant in the instant matter instead filed a praecipe for entry of judgment approximately one month later, and then filed an appeal from the entry of judgment thereon, this appeal is untimely.

¶ 6 Appellee's motion to quash this appeal as untimely is granted. Appeal quashed.

¶ 7 KLEIN, J. concurs in the result.

---

1. The instant procedural situation differs from that presented in *Friedman v. Kasser,* 293 Pa.Super. 294, 438 A.2d 1001 (1981), wherein the trial court order merely stated that the decree nisi "shall be entered on praecipe", but no final decree was ever entered. This Court stated: "A lower court's direction to enter a specified order, unaccompanied by actual entry of the specified order on the docket, is interlocutory and not appealable and must be reduced to judgment and docketed before an appeal can be taken." *Id.,* 438 A.2d at 1002. *See also* Pa.R.A.P. 301(c), (d). In the present matter, the trial court's order clearly states: *"Judgement is entered* in favor of [Appellee] and against [Appellant]." (Emphasis added).