J-S01031-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| C.G. | | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | | |
| v. | | |
| J.L.G. | | |
| Appellee | | No. 1677 EDA 2015 |

Appeal from the Decision May 13, 2015
In the Court of Common Pleas of Philadelphia County
Family Court at No(s): OC0619638

BEFORE:  GANTMAN, P.J., MUNDY, J., and MUSMANNO, J.

MEMORANDUM BY GANTMAN, P.J.:                **FILED FEBRUARY 02, 2016**

Appellant, C.G. ("Father"), appeals *pro se* from the order entered in the Philadelphia County Court of Common Pleas, which denied Father's petition to modify the child custody order.  We dismiss the appeal.

The trial court outlines the history of this case as follows:

> [Father] is currently incarcerated at SCI-Somerset for arson.  [J.L.G. ("Mother")], the mother of [Father's] son has sole physical and sole legal custody of their son, [D.G.].
>
> By correspondence dated January 15, 2015, [Father] requested to be present by way of telephone conference at the February 4, 2015 [custody] master hearing.  To facilitate this request, [Father] provided the name and number of his institutional contact…. On February 4, 2015, participating *pro se* by phone, [Father] presented his petition to modify custody.  In essence, [Father] requested that his son visit him at SCI-Somerset a few times a year, and further, that he have video time with his son.  Custody master Daniel Alvarez denied [Father's] modification

stating the following reasons: the distance of SCI-Somerset to Philadelphia (approximately 3½ hours); [Mother] not having a car; and [Father's] failure to articulate why it would be in the best interest of the child to visit him in prison.

On February 4, 2015, [Father] filed exceptions to the [] proposed custody order and a hearing was held on May 13, 2015, before the [trial court]. [Father] did not request that [the court] afford him an opportunity to be present by way of phone or video conference. As such, [Father] was not present in person or *via* conference call to represent himself *pro se*. [Mother], however, was present, *pro se*. The trial court denied the exceptions and entered an order granting [M]other…sole physical and sole legal custody of the child, [D.G.].

On June 2, 2015, [Father] filed a motion to reconsider the order of May 13, 2015, on the grounds that he was unable to be present in the courtroom *via* conference call or video conference. He also argued that [Mother] has been non-compliant with the custody order.

On June 9, 2015, [Father] filed a notice of appeal of the court's May 13, 2015 order followed by a June 29, 2015 filing of a [concise] statement of matters complained of on appeal [pursuant to Pa.R.A.P. 1925(b)].

(Trial Court Opinion, filed July 20, 2015, at 1-2).[1] Father filed two motions for extensions of time to file his brief, which this Court granted on August 6, 2015, and September 11, 2015, respectively. In the September 11, 2015 order, this Court gave Father until September 18, 2015, to file his appellate

---

[1] The certified record consists only of the trial court's opinion pursuant to Pa.R.A.P. 1925(a) with the original custody order and the May 13, 2015 order attached; thus, we are unable to verify the factual and procedural history contained in the court's opinion. Nevertheless, our disposition of Father's case remains the same.

brief; it also informed Father that no further extensions would be granted and that Father's failure to file his brief by September 18, 2015, would result in the immediate dismissal of his appeal. On September 30, 2015, this Court received Father's appellate brief, which he hand-dated as September 1, 2015.

Father raises the following issues for our review:

HOW CAN THE COURT IGNORE THE CRIES OF A FATHER AND SON WHO WANT A RELATIONSHIP?

HOW CAN THE COURT NOT TAKE CAUTION OF THE FACT THAT OUR SON MISSES ME AND WANTS TO SEE ME?

HOW CAN THE COURT SIDE WITH A HOSTILE MOTHER WHO OBJECTS TO [SON] AND [FATHER] HAVING A RELATIONSHIP WITHOUT CAUSE OR REASON?

HOW CAN THE COURT NOT WANT TO CHALLENGE THE LETTER FROM THE THERAPIST, ANDRIA DEVRIES, WHEN THE STATISTICS SHOW A CONTRADICTION OF HER CLAIM? IT IS POSSIBLE THAT MOTHER HAD FABRICATED THIS PERSON BECAUSE THERE IS NO DATE AND ADDRESS ON THE LETTER. FOR THE RECORD, [FATHER] HAD ATTEMPTED TO CONTACT THIS PERSON AND [HAS] NOT BEEN ABLE TO (SEE ATTACHED)[?]

WHY IS THE COURT PROTECTING MOTHER WHEN OUR SON MAY BE AT RISK OF DANGER?

HOW CAN THE COURT ACCEPT THAT IT IS IN THE BEST INTEREST OF THE CHILD FOR MOTHER TO SABOTAGE THE RELATIONSHIP BETWEEN FATHER AND CHILD WHEN FATHER AND CHILD HAD A RELATIONSHIP SINCE BIRTH UP UNTIL MY INCARCERATION?

HOW CAN JUDGE FORD BE COMFORTABLE WITH THE LIMITED ORDER THAT SHE GAVE THAT ISN'T PROMISING?

> HOW CAN THE COURTS NOT ENFORCE A CONTEMPT ORDER AND IGNORE ALL OF MY EXHIBITS AND PETITIONS?
>
> MORE THAN ANYTHING, HOW DOES JUDGE ROGERS TAKE AWAY THAT MINIMUM CONTACT ORDER FROM JUDGE FORD?
>
> IF THE COURT KNOWS THAT OUR SON MISSES [FATHER] AND WANTS [FATHER] TO BE IN HIS LIFE THAT IT IS HURTING [SON] THAT [SON] AND [FATHER] ARE BEING ALIENATED FROM IT, DO THEY NOT KNOW THAT [SON] IS GOING TO KEEP HURTING IF THEY DON'T THINK OF [SON'S] BEST INTEREST?
>
> HOW CAN A COURT OF LAW SUPPORT/CONDONE ACTS OF TERRORISM BY JUSTIFYING A MOTHER HOLDING A CHILD HOSTAGE FROM THE FATHER?

(Father's Brief at 2).

Preliminarily, we observe:

> [A]ppellate briefs and reproduced records must materially conform to the requirements of the Pennsylvania Rules of Appellate Procedure. Pa.R.A.P. 2101. This Court may quash or dismiss an appeal if the appellant fails to conform to the requirements set forth in the Pennsylvania Rules of Appellate Procedure. *Id.* Although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant. To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing.

*Wilkins v. Marsico*, 903 A.2d 1281, 1284-85 (Pa.Super. 2006), *appeal denied*, 591 Pa. 704, 918 A.2d 747 (2007) (some internal citations omitted).

The Pennsylvania Rules of Appellate Procedure provide guidelines regarding the required content of an appellate brief as follows:

**Rule 2111. Brief of the Appellant**

**(a) General Rule.** The brief of the appellant, except as otherwise prescribed by these rules, shall consist of the following matters, separately and distinctly entitled and in the following order:

(1) Statement of jurisdiction.

(2) Order or other determination in question.

(3) Statement of both the scope of review and the standard of review.

(4) Statement of the questions involved.

(5) Statement of the case.

(6) Summary of the argument.

(7) Statement of the reasons to allow an appeal to challenge the discretionary aspects of a sentence, if applicable.

(8) Argument for appellant.

(9) A short conclusion stating the precise relief sought.

(10) The opinions and pleadings specified in Subdivision (b) and (c) of this rule.

(11) In the Superior Court, a copy of the statement of errors complained of on appeal, filed with the trial court pursuant to Rule 1925(b), or an averment that no order requiring a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) was entered.

Pa.R.A.P. 2111.

Additionally, Rule 2119(a) provides:

**Rule 2119. Argument**

> **(a) General rule.** The argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part—in distinctive type or in type distinctively displayed—the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent.

Pa.R.A.P. 2119(a). Importantly:

> The argument portion of an appellate brief must include a pertinent discussion of the particular point raised along with discussion and citation of pertinent authorities. This [C]ourt will not consider the merits of an argument which fails to cite relevant case or statutory authority. Failure to cite relevant legal authority constitutes waiver of the claim on appeal.

*In re Estate of Whitley*, 50 A.3d 203, 209 (Pa.Super. 2012), *appeal denied*, 620 Pa. 724, 69 A.3d 603 (2013).

Instantly, Father is *pro se* on appeal, and his appellate brief falls woefully short of the requisite standards. Specifically, Father's brief lacks a statement of jurisdiction and the order in question. Additionally, Father failed to divide his argument section into distinct parts for each of his eleven issues raised on appeal. *See* PaR.A.P. 2119(a). Further, Father's brief presents no cogent arguments for his issues raised on appeal or appropriate citations to supporting legal authority. *See In re Estate of Whitley, supra*. The substantial defects in Father's brief preclude meaningful review and constitute sufficient grounds for this Court to suppress his brief and dismiss the appeal.

Moreover, on September 11, 2015, this Court ordered Father to file his

appellate brief by September 18, 2015. In its order, this Court informed Father that his failure to file a brief by September 18, 2015, would result in the immediate dismissal of his appeal. Nevertheless, this Court did not receive Father's brief until September 30, 2015. Although Father hand-dated his brief September 1, 2015, Father offered no proof that he mailed the brief before September 18, 2015, to invoke the prisoner mailbox rule. **See Thomas v. Elash**, 781 A.2d 170 (Pa.Super. 2001) (holding appellant bears burden of proving that he delivered document to prison authorities for filing within appropriate time period). Specifically, Father failed to include a certificate of service with his brief or otherwise demonstrate when he handed his brief to prison authorities for filing. Thus, Father's failure to file his brief by the September 18, 2015 deadline also requires dismissal of his appeal. (**See** Order Granting Second Extension, filed September 11, 2015, at 1). Accordingly, we dismiss the appeal.

Appeal dismissed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/2/2016

- 7 -