J-A11015-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| ONE PENN ASSOCIATES LP, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| NANCY WASSER AND JOHN M. CORCORAN, | |
| Appellants | No. 1844 EDA 2015 |

Appeal from the Order Entered May 12, 2015
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): April Term, 2014, No. 2169

BEFORE:  SHOGAN, MUNDY, and FITZGERALD,[*] JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED JULY 15, 2016**

Appellants, Nancy Wasser and John M. Corcoran, appeal from the order entered May 12, 2015, that reinstated judgment entered pursuant to the complaint in confession of judgment and denied Appellants' petition to strike judgment.  We affirm.

The trial court set forth the facts of this case as follows:

> On June 17, 1992, Nancy Wasser and John M. Corcoran entered into a commercial lease ("Lease") with Richard I. Rubin & Company, Inc. as agents for Suburban Station Associates, L.P. Ms. Wasser and Mr. Corcoran are both attorneys and rented commercial space on the 11[th] Floor of One Penn Center located at 1617 John F. Kennedy Boulevard [in Philadelphia] for a law office for a term of five years.

---

[*]  Former Justice specially assigned to the Superior Court.

On March 27, 1997, Ms. Wasser and Mr. Corcoran entered into a First Amendment to Lease with Suburban Station Associates which provided for an expansion of the commercial premises and extended the term of the [L]ease through February 28, 2002. The First Amendment to Lease also reflected an increase in the minimum rental payment to $2,470.67 per month. The First Amendment to Lease provided that "[t]he right to enter judgment or judgments by confession . . . may be exercised by an assignee of Landlord's right, title, and interest in the Lease." (First Amend. To Lease ¶ 5(c)).

In early 2002[1], Ms. Wasser and Mr. Corcoran entered into a Second Amendment to Lease with Suburban Station Associates which extended the term of the Lease through February 28, 2007. The Second Amendment to Lease also reflected an increase in the minimum rental payment to $3,052.00 per month. The Second Amendment to Lease provided that "the terms, covenants, and conditions contained in this Amendment shall bind and inure to the benefit of the parties hereto and their respective successors and permitted assigns." (Second Amend. To Lease ¶ 11).

[1] The specific date the Second Amendment to Lease was signed was not documented on the instrument.

On December 31, 2002, One Penn Associates, L.P. [("One Penn")] purchased 1617 John F. Kennedy Boulevard from Suburban Stations Associates, L.P. On December 31, 2006, Ms. Wasser and Mr. Corcoran entered into a Third Amendment to Lease with One Penn Associates which extended the term of the Lease through February 28, 2014. The Third Amendment to Lease also reflected an increase in the minimum rental payment to $3,270.00 per month. The Third Amendment to Lease provided that "[t]he right to enter judgment or judgments by confession . . . may be exercised by any assignee of Landlord's right, title, and interest in this Lease." (Third Amend. To Lease ¶ 6).

On September 12, 2013, Ms. Wasser requested for the Lease to be prematurely terminated. At some point in December 2013, Ms. Wasser and Mr. Corcoran vacated the premises. Consequently, Ms. Wasser and Mr. Corcoran did not pay the monthly rent for January 2014 and February 2014. On February 25, 2014, One Penn Associates LP notified Ms. Wasser and Mr.

Corcoran of the default and requested immediate payment of past due monthly rent. One Penn Associates LP now asserts that because Ms. Wasser and Mr. Corcoran are in default of the terms of the Lease it is permitted to recover under the Confession of Judgment clause in the Lease.

Trial Court Opinion, 11/14/14, at 1-3.

The trial court summarized the procedural history of this case as follows:

On April 21, 2014, [One Penn] filed a complaint in confession of judgment against Nancy Wasser and John M. Corcoran (*hereinafter* "Appellants"). [One Penn] alleged that [One Penn] and Appellants entered into a commercial lease on December 31, 2006 for office space on the 11th Floor of 1617 John F. Kennedy Boulevard, Philadelphia, PA. [One Penn] averred that Appellants breached the lease, triggering the lease's Confession of Judgment clause. [One Penn] alleged that Appellants failed to pay rent, taxes, and late fees, owing [One Penn] $7,694.49, including attorney's fees.[1]

On June 26, 2014, Appellants filed a Petition to Strike Judgment Entered by Confession. [One Penn] did not file a response to Appellants' Petition to Strike Judgment Entered by Confession.[2] On September 24, 2014, [the trial court] entered an order granting Appellants' Petition to Strike Judgment Entered by Confession.1 On September 26, 2014, [One Penn] filed a Motion for Reconsideration regarding [the trial court's] September 24, 2014 Order. On October 1, 2014, [the trial court] denied [One Penn's] Motion for Reconsideration. On October 7, 2014, [One Penn] filed a timely appeal. Statements of Matters Complained of on Appeal were requested and properly tendered on October 24, 2014.

_____

1 The confession of judgment was entered that same day.

2 Despite this assertion by the trial court, the record reflects that on July 16, 2014, One Penn filed a response in opposition to the motion to strike.

[1] [The trial court's] September 24, 2014 Order was signed on September 22, 2014.

On November 14, 2014, [the trial court] issued a 1925(a) Opinion stating that [it] erred in granting Appellants' Petition to Strike Judgment Entered by Confession and denying [One Penn's] Motion for Reconsideration.

On January 13, 2015, the Superior Court remanded the matter to [the trial court] and relinquished jurisdiction.[3]

On February 12, 2015, [the trial court] vacated both the September 22, 2014 Order granting Appellants' Petition to Strike Judgment Entered by Confession and the October 1, 2014 Order denying [One Penn's] Motion for Reconsideration. Additionally, [the trial court] reinstated the Complaint that was entered in Confession of Judgment on April 21, 2014.

On May 12, 2015, [the trial court] amended the February 12, 2015 Order to reflect that the September 22, 2014 Order granting Appellants' Petition to Strike Judgment Entered by Confession, having been vacated on February 12, 2015, was denied. The May 12, 2015 Order also reflected that the Judgment pursuant to the Complaint entered in Judgment was reinstated.

On June 11, 2015, Appellants filed a timely appeal.

_____

[3] The *per curiam* order issued by the Superior Court stated as follows:

Upon consideration of the memorandum opinion of the Honorable George W. Overton, dated November 14, 2014, this matter is hereby REMANDED to the trial court.

Jurisdiction is relinquished.

*One Penn Associates, L.P. v. Wasser*, 3036 EDA 2014, Order (Pa. Super. filed January 13, 2015).

J-A11015-16

Trial Court Opinion, 7/21/15, at 1-3.  Both the trial court and Appellants complied with Pa.R.A.P. 1925.

Appellants present the following issues for our review:

(1)    Did the lower court exceed its jurisdiction when it <u>sua sponte</u> entered an Amended Order, in violation of 42 Pa.C.S. §5505, without giving the parties notice or an opportunity to be heard?

(2)    Were [Appellants] denied due process of law when they were denied a hearing despite the issuance of a Rule to Show Cause granting them a hearing?

(3)    Should the lower court have granted [Appellants'] petition to strike the judgment entered by confession as there was no assignment?

(4)    Should the court below have granted the petition to strike judgment by confession where there were defects on the face of the record?

(5)    Should the court below have granted the petition to strike judgment entered by confession where the Complaint set forth grossly excessive amounts and included recovery for items not permitted in the Lease?

(6)    Does this court have jurisdiction as this is a timely appeal from a final order?

Appellants' Brief at 3.

We shall address Appellant's final issue first and consider One Penn's argument regarding this Court's jurisdiction to hear this appeal.  ***See Morningstar v. Hoban***, 819 A.2d 1191, 1194 (Pa. Super. 2003) (explaining that we lack jurisdiction to consider the merits of an untimely appeal.).  One Penn filed an application to quash this appeal on the basis that Appellants' appeal is untimely.  Application to Quash Appeal, 8/7/15, at 6.  On

- 5 -

September 23, 2015, this Court filed an Order denying the motion to quash the appeal without prejudice to the moving party's right to again raise the issue before the merits panel. In their brief, One Penn contends that the order issued by the trial court on February 12, 2015, was the final appealable order, and that Appellants were required to appeal from that order. *Id.* at 7-8. Thus, it is their position that the notice of appeal filed by Appellants on June 11, 2015, was untimely. *Id.*

Of relevance is the language of the orders issued. The trial court's order issued February 12, 2015, provides as follows:

> **AND NOW**, this 12th day of February, 2015, upon consideration of the Superior Court order dated January 13, 2015, it is hereby **ORDERED** that the Order dated September 22, 2014 granting [Appellants'] Petition to Strike Judgment Entered by Confession is **VACATED**. It is further Ordered that the Order dated October 1, 2014 denying [One Penn's] Motion for Reconsideration is **VACATED**. The Complaint entered in Confession of Judgment on April 21, 2014 is hereby **REINSTATED**.

Order, 2/12/15, at 1.

The May 12, 2015 order provides as follows:

> The Order dated September 22, 2014 granting [Appellants'] Petition to Strike Judgment Entered by Confession is **VACATED**. It is further **ORDERED** that [Appellants'] Petition to Strike Judgment Entered by Confession is **DENIED**; and
>
> The Judgment pursuant to the Complaint in Confession of Judgment is hereby **REINSTATED**.

Order, 5/12/15, at 1.

Thus, judgment was not reinstated until issuance of the May 12, 2015 order. The February 12, 2015 order simply reinstated the **complaint** in

confession of judgment. As such, the May 12, 2015, order was the final appealable order. Because Appellants filed a notice of appeal within thirty days of the entry of judgment, the appeal is timely, and this Court has jurisdiction to consider it. *See Taxin v. Shoemaker*, 799 A.2d 859, 860 (Pa. Super. 2002) (A notice of appeal must be filed within thirty days of entry of the judgment.)

We next consider Appellants' first and second issues raised on appeal. Despite listing these issues separately, Appellants address them together in their brief. As the issues are inter-related, we too shall address them together.

Appellants argue that they were denied due process because they were not afforded the opportunity to be heard on their petition to strike at a hearing. Appellants' Brief at 11. Appellants contend that the August 12, 2014 Rule to Show Cause, which also scheduled a hearing, entitled them to a hearing. *Id.* When the case was remanded, Appellants posit, the parties awaited the scheduling of a hearing based on the August 12, 2014 Rule to Show Cause, and because the February 12, 2015 order simply reinstated the complaint in confession of judgment. *Id.* Appellants contend that when, on May 12, 2015, without notice to either party, the trial court *sua sponte* entered judgment, the trial court violated Appellants' rights to due process. *Id.* Appellants further contend that the trial court's actions disregarded 42 Pa.C.S. § 5505. *Id.*

We first note that 42 Pa.C.S. § 5505 provides as follows:

> Except as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed.

42 Pa.C.S. § 5505. As the trial court aptly recognized, however,

> this rule must be read in conjunction with the inherent power of the courts to amend its records, to correct mistakes of the clerk or other officer of the court, inadvertencies of counsel, or supply defects or omissions in the record, even after the lapse of the term. This power is reflected in Rule 1701(b)(1) of the Rules of Appellate Procedure. Pa.R.A.P. 1701(b)(1).

*Manack v. Sandlin*, 812 A.2d 676, 680 (Pa. Super. 2002). This Court has explained, "a court has inherent power 'to amend its records, to correct mistakes of the clerk or other officer of the court, inadvertencies of counsel, or supply defects or omissions in the record' at any time." *Manufacturers and Traders Trust Co. v. Greenville Gastroenterology, SC*, 108 A.3d 913, 921 (Pa. Super. 2015).

In addressing this issue, the trial court provided a detailed discussion of its actions. We reproduce the most relevant portion of that explanation herein, which stated as follows:

> In the instant case, there was an obvious need for the record to be amended to reflect the true intentions of [the trial court]. The [trial court] thought that by reinstating the complaint and vacating the Order striking the judgment [in its February 12, 2015 order], the judgment would be automatically reinstate[d] as there would have been no valid order striking that judgment. In coming to this conclusion, [the trial court] looked to how confessed judgments are stricken or opened. The

[trial court] used that to determine that if the judgment was not properly stricken, it would stand as entered by the Prothonotary.

"A confessed judgment will be stricken ['] only if a fatal defect or irregularity appears on the face of the record.[']" *Graystone Bank v. Groves Estates, LP*, 58 A.3d 1277 (Pa.Super.2012). A judgment by confession will be opened if the petitioner acts promptly, alleges a meritorious defense, and presents sufficient evidence in support of the defense to require the submission of the issues to a jury. *Ferrick v. Bianchini*, 2013 PA Super 116, 69 A.3d 642, 647 (2013) (citing *Crum v. F.L. Shaffer Co.*, 693 A.2d 984 (Pa. Super. 1997)). Having made the finding that there was no fatal defect on the face of the record justifying the judgment to be stricken, [the trial court] assumed that judgment would be valid and effective as of April 21, 2014, when the Prothonotary entered judgment.

Pursuant to [One Penn's] Complaint in Confession of Judgment, the Prothonotary entered Judgment on April 21, 2014. The Docket states "JUDGMENT ENTERED BY CONFESSION FOR THE SUM OF $7,694.49." Therefore, upon [the trial court's] finding that the confessed judgment should not have been stricken on September 22, 2014, and upon the [trial court's] vacation of the September 22, 2014 Order, the [trial court] thought the judgment by the Prothonotary was automatically reinstated after the Order striking it was vacated.

On or around May 12, 2015, the Court of Common Pleas Trial Division notified [the trial court] that reinstating the Complaint did not technically reinstate the judgment. The Court of Common Pleas Trial Division also informed [the trial court] that even though the September 22, 2014 Order was vacated, [Appellants'] Petition to Strike Judgment Entered by Confession would still need to be either granted or denied by [the trial court]. Consequently, the [trial court] promptly amended the Order simply to clarify of [sic] the record. [The trial court] did not make any substantive changes to its original February 12, 2015 Order.

As previously stated, the February 12, 2015 Order reinstated the Complaint in Confession of Judgment. The May 12, 2015 Amended Order clarified that the confessed judgment, which had been entered by the Prothonotary on April 21, 2014, was to be reinstated. The February 12, 2015 Order and the May

> 12, 2015 Amended Order were both in accord with the November 14, 2014 Opinion, which clearly presented the [trial court's] finding that [One Penn] had the right to enter judgment in confession and that the [trial c]ourt had erred by striking the confessed judgment. The [trial c]ourt explicitly stated in its November 14, 2014 Opinion that "because the amendments to the Lease provided for the confession of judgment by successors in title, [the trial court] erred by granting [Appellants'] Petition to Strike Judgment Entered by Confession."

Trial Court Opinion, 7/21/15, at 5-7 (internal citations omitted).

As the trial court described, the May 12, 2015 order was a clarification of the February 12, 2015 order. The May 12, 2015 order explicitly stated that the consequence of the trial court's vacation of the September 22, 2014 order granting Appellants' petition to strike, was that Appellants' petition to strike was denied. Additionally, it clarified that denial of Appellants' petition to strike resulted in reinstatement of the judgment in One Penn's favor. Thus, the trial court did not violate the strictures of 42 Pa.C.S. § 5505. It simply utilized its inherent authority to amend the patently obvious mistake on the record and clarify its intent and resulting consequences when it vacated Appellants' petition to strike. Thus, we find no merit to this claim.

Furthermore, and relatedly, we cannot agree that the trial court erred by failing to grant Appellants a hearing on their petition to strike. First, as noted, the entry of the May 12, 2015 order was a clarification of the February 12, 2015 order and the trial court's decision to deny Appellants' petition to strike. Thus, Appellants were not entitled to a hearing between issuance of the February 12, 2015 and May 12, 2015 orders. Secondly,

- 10 -

Appellants are not entitled to a hearing on their petition to strike a confessed judgment. As will be discussed in greater detail in addressing Appellants' subsequent issues, a petition to strike a confessed judgment is based on the record itself, limited to the complaint in confession of judgment and the attached exhibits. *Hazer v. Zabala*, 26 A.3d 1166, 1169 (Pa. Super. 2011). Thus, given the standard of review, a trial court is not permitted to consider additional information outside of the record when deciding a petition to strike a confessed judgment. Consequently, we cannot agree that the trial court was required to conduct a hearing on Appellants' petition to strike.

Thirdly, Appellants' reliance on the trial court's previous Rule to Show Cause order as a basis entitling them to a hearing on their petition to strike is misplaced. As reflected by the record, the trial court indeed issued a Rule to Show Cause on August 12, 2014. The Rule to Show Cause, however, was entered upon One Penn to show cause why Appellants' Petition to Strike judgment entered by confession should not be granted. Rule to Show Cause, 8/12/14, at 1. Thus, we cannot agree with Appellants' characterization that, by issuing this Rule to Show Cause, the trial court recognized their "right to notice and an opportunity to be heard on their petition to strike." Appellants' Brief at 11. Thus, we find no merit to Appellants' claim that they were denied due process "when they were denied a hearing despite the issuance of a Rule to Show Cause granting them a hearing." Appellants' Brief at 3.

In their remaining three issues, Appellants assert, for varying reasons, that the trial court should have granted their petition to strike the confessed judgment. We begin our discussion by setting forth the principles related to a petition to strike a confessed judgment.

We observe:

A petition to strike a judgment is a common law proceeding which operates as a demurrer to the record. A petition to strike a judgment may be granted only for a fatal defect or irregularity appearing on the face of the record.

In considering the merits of a petition to strike, the court will be limited to a review of only the record as filed by the party in whose favor the warrant is given, *i.e.*, the complaint and the documents which contain confession of judgment clauses. Matters *dehors* the record filed by the party in whose favor the warrant is given will not be considered. If the record is self-sustaining, the judgment will not be stricken.... An order of the court striking a judgment annuls the original judgment and the parties are left as if no judgment had been entered.

In other words, the petition to strike a confessed judgment must focus on any defects or irregularities appearing on the face of the record, as filed by the party in whose favor the warrant was given, which affect the validity of the judgment and entitle the petitioner to relief as a matter of law. The record must be sufficient to sustain the judgment. The original record that is subject to review in a motion to strike a confessed judgment consists of the complaint in confession of judgment and the attached exhibits.

In contrast, if the truth of the factual averments contained in the complaint in confession of judgment and attached exhibits are disputed, then the remedy is by proceeding to open the judgment, not to strike it. A petition to strike a confessed judgment and a petition to open a confessed judgment are distinct remedies; they are not interchangeable. A petition to open a confessed judgment is an appeal to the equitable powers

- 12 -

of the court. Factual disputes by definition cannot be raised or addressed in a petition to strike off a confession of judgment, because factual disputes force the court to rely on matters outside the relevant record to decide the merits of the petition.

Historically, Pennsylvania law has recognized and permitted entry of confessed judgments pursuant to the authority of a warrant of attorney contained in a written agreement. A warrant of attorney is a contractual agreement between the parties and the parties are free to determine the manner in which the warrant may be exercised. Entry of a valid judgment by confession must be made in rigid adherence to the provisions of the warrant of attorney; otherwise, such judgment will be stricken. A warrant to confess judgment must be explicit and will be strictly construed, with any ambiguities resolved against the party in whose favor the warrant is given. A warrant of attorney to confess judgment must be self-sustaining and to be self-sustaining the warrant must be in writing and signed by the person to be bound by it. The requisite signature must bear a direct relation to the warrant of attorney and may not be implied.

*Neducsin v. Caplan*, 121 A.3d 498, 504-505 (Pa. Super. 2015) (internal citations and quotation marks omitted).

Appellants first argue that their petition to strike the confessed judgment should have been granted because there was no assignment of the Lease from the original landlord, Suburban Station Associates, to One Penn. Appellants' Brief at 14. Appellants argue that the Lease, and subsequent Amendments, were not with One Penn. *Id.* at 15. Appellants assert that the only lease between Appellants and One Penn was the Third Amendment to Lease. *Id.* at 15. Appellants posit: "In the absence of any assignment [One Penn] was only entitled to confess judgment for rent. [One Penn] was not authorized by the only applicable cognovits clause to

add to its judgment claims for taxes or late fees. Consequently, the amount of attorney fees included in the judgment are inflated." *Id.* at 16.

We first note that Appellants are arguing that the alleged lack of assignments entitled One Penn to confess judgment only for rent and not taxes or late fees. Thus, Appellants are not challenging One Penn's entitlement to confess judgment for the monthly rent amounts. Accordingly, we shall focus our analysis on whether the Lease, and its Amendments, entitled One Penn to confess judgment on related taxes or late fees, which impact the amount of attorneys' fees to which it is due.

In addressing a change of ownership in real property and the impact on any existing lease, this Court has explained:

> Ordinarily, where there is a change in the ownership of the reversion the new owner succeeds to the rights of the lessor. The rights and remedies reserved in the lease held by . . . . the former owner of the premises, inured to the benefit of . . . the new owners, as a matter of law when the property was transferred to them, even in the absence of a contractual assignment.

*Weitzman v. Ulan*, 450 A.2d 173, 177 (Pa. Super. 1982).

Thus, Appellants' assertion, purportedly in reliance upon 68 P.S. § 250.203, is misplaced. Appellants contend that "no lease of any real property created for a term of more than three years shall be assigned, granted or surrendered except in writing signed by the party assigning, granting or surrendering the same or his agent…." Appellants' Brief at 15. Of significance is the additional language omitted from Appellants' recitation

of this provision, that further provides: "unless such assigning, granting or surrendering shall result from operation of law." 68 P.S. § 250.203. Accordingly, we conclude that by operation of law, the rights possessed by the original landlord inured to the benefit of One Penn upon transfer of the title of the premises, even in the absence of an assignment.

Moreover, in the Third Amendment to the Lease, One Penn and Appellants explicitly agreed that "the Lease and all the terms, covenants and conditions thereof shall remain in full force and effect and are hereby ratified and affirmed." Third Amendment to Lease, 12/31/06, ¶ 7. As a result, Appellants have agreed to incorporate the provision of the Lease and the related Amendments into the Third Amendment.

The Lease includes a section with the heading "RENT." Lease, 6/17/92, at ¶ 4. The "RENT" section includes several provisions, including one for "minimum rent," which is defined by the Lease as follows: "the sum set forth in subsection 1.F payable in advance on the first business day of each calendar month in equal monthly installments in the sum specified in Subsection 1.F beginning on the commencement date and continuing thereafter until the expiration of said Term." *Id.* at ¶ 4.A.

This section also included a provision allowing for collection of a "Late Charge." This provision states:

> In the event that any sum due to Landlord under the provisions of this Lease shall not be paid when due, Tenant shall, upon demand, pay a late charge to Landlord of $.05 for each dollar so overdue to defray Landlord's administrative expenses in

collecting and processing that sum. Such late charge shall be deemed "rent" for all purposes under this Lease.

*Id.* at ¶ 4.G. Additionally, a provision for "Use and Occupancy Tax," was included under the heading "RENT." This subsection states the following: "Tenant shall pay to Landlord any use and occupancy tax (or its equivalent) imposed on the Premises. Landlord shall have the same rights and remedies for the non-payment of such use and occupancy tax that it has upon Tenant's failure to pay rent hereunder." *Id.* at ¶ 4.I. Thus, pursuant to the terms of the Lease, One Penn was entitled to confession of judgment on the minimum rent, taxes and late fees. The amount of attorneys' fees is based on this calculation, and we cannot agree with Appellants' claim that the amount awarded was inflated. Appellants are therefore entitled to no relief on this basis.

Appellants next argue that the trial court erred in failing to grant its petition to strike where there were defects apparent on the face of the complaint. Appellants' Brief at 17. Appellants offer two reasons for this position: 1) the original Lease was not between One Penn and Appellants and 2) the Third Amendment to Lease only permitted a confession of judgment for rent, and therefore One Penn improperly included charges for taxes and late fees. *Id.*

While it is true that the original Lease was not between One Penn and Appellants, it is uncontested that the Landlord in the original Lease, Suburban Station Associates, sold the property to One Penn on December

31, 2002. As noted, when the real property transferred to One Penn, One Penn succeeded to the interests of Suburban Station Associates. Thus, the terms of the Lease properly transferred to One Penn. Moreover, as noted, in the Third Amendment to the Lease, executed by One Penn and Appellants, the Appellants explicitly agreed that "the Lease and all the terms, covenants and conditions thereof shall remain in full force and effect and are hereby ratified and affirmed." Third Amendment to Lease, 12/31/06, ¶ 7. Accordingly, Appellants are entitled to no relief on this basis.

Moreover, Appellants' second basis for recovery under this issue also fails. Despite their assertions, the Third Amendment to Lease does not permit a confession of judgment for the monthly rental amount only. The confession of judgment clause in the Third Amendment to Lease provides, in relevant part, as follows:

> 5. CONFESSION OF JUDGMENT – RENT. Tenant covenants and agrees that if there is an Event of Default, then Landlord may, without limitation, cause judgments for money to be entered against Tenant and, for those purposes, Tenant hereby grants the following warrant of attorney: (i) Tenant hereby irrevocably authorizes and empowers any prothonotary, clerk of court, attorney of any court of record and/or Landlord (as well as someone acting for Landlord) in any and all actions commenced against Tenant for recovery of the rent and/or other amounts to be paid to Landlord by Tenant and to appear for Tenant, and assess damages and confess or otherwise enter judgment against Tenant, for all or any part of the rent and/or other amounts to be paid to Landlord by Tenant, together with interest, costs and an attorneys' commission of ten (10%) per cent of the full amount of such rent, amounts and sums, and thereupon writs of execution as well as attachment may forthwith issue and be served, without any prior notice, writ or proceeding whatsoever[.]

Third Amendment To Lease, 12/31/06, at ¶ 5.

The confession of judgment itself indicates that rent "and/or other amounts to be paid to Landlord" can be recovered by a confession of judgment. According to the Lease, which the parties incorporated through execution of the Third Amendment to Lease, the late charges and taxes constitute other amounts to be paid to Landlord by Tenant. Indeed, as noted previously, the language of the original Lease defined the late charges as "rent" and provided that the Landlord had the same rights and remedies for the non-payment of tax that it has upon Tenant's failure to pay rent. Lease, 6/17/92, ¶¶ 4.G, 4.I. Thus, we cannot agree with Appellants' assertion that the Third Amendment to Lease permitted a confession of judgment only to the monthly rent amount. Accordingly, there was no abuse of discretion by the trial court in denying the petition to strike on this ground.

In their final issue, Appellants argue that the trial court erred in failing to grant their petition to strike on the basis that the amount of the confessed judgment was excessive and included unauthorized items. Appellants' Brief at 17. Appellants again assert that the judgment for the late charge and taxes was inappropriate. *Id.* Appellants further contend that One Penn refused to credit Appellants' security deposit of $1,513.83 or credit an "overpayment of $705.32." *Id.* at 18. As a result, Appellants posit that $2,674.14 should have been deducted from the confessed judgment. *Id.*

As previously stated, we have determined that the confession of judgment properly included late charges and taxes. Thus, we do not agree that amount was improperly included in the confession of judgment.

With regard to Appellants' argument that the confession of judgment should have been offset by the security deposit paid by Appellants,[4] we observe that the Lease provides as follows, regarding the security deposit:

> H.    Security Deposit.  Upon the execution of this Lease, Landlord acknowledges receipt from Tenant of the sum set forth in Subsection 1.I to be held as collateral security for the payment of any rent payable by Tenant under this Lease, and for the faithful performance of all other covenants and agreements of Tenant hereunder.  The amount of such deposit, without interest, shall be repaid to Tenant after the termination of this Lease and any extension thereof, provided Tenant shall have made all payments of rent and performed all covenants and agreements hereunder.  Upon any event of default by Tenant hereunder, all or part of such deposit may, at Landlord's option, be applied on account of the resulting deficiency and Tenant shall immediately restore such deposit to its original sum.  The deposit shall be deemed to be the property of the Landlord.

Lease, 6/17/92, at ¶ 4.H.

As is undisputed, Appellants defaulted under the terms of the Lease. As written, the provision regarding the security deposit dictates that the Landlord, in its discretion, may apply the security deposit to the deficiency, but there is no requirement that it do so.  Moreover, the language provides that the security deposit is deemed the property of the Landlord.

_____

[4] We note that One Penn does not address this assertion.

- 19 -

Accordingly, we cannot agree that the Landlord was required to offset the amount of the confessed judgment by application of the security deposit.

Additionally, Appellants provide no explanation regarding their claim that there was an overpayment of $705.32. Appellants' Brief at 18. We have no information regarding the context of that alleged overpayment. Moreover, Appellants have provided no evidence establishing the alleged overpayment. Accordingly, we find no merit to their assertion that the confessed judgment should be offset by this alleged overpayment.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/15/2016