J-S03041-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| ESTATE OF ELAINE MURRAY | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF:  BRUCE MURRAY | No. 2111 EDA 2014 |

Appeal from the Decree June 12, 2014
In the Court of Common Pleas of Philadelphia County
Orphans' Court at No(s): O.C. No. 94 DE of 2011

BEFORE:  FORD ELLIOTT, P.J.E., PANELLA, J., and OTT, J.

MEMORANDUM BY OTT, J.:                              **FILED APRIL 16, 2015**

Bruce Murray appeals *pro se* from the final decree entered June 12, 2014, in the Court of Common Pleas of Philadelphia County, Orphans' Court, dismissing his exceptions to the orphans' court's adjudication, dated September 13, 2013, and docketed September 16, 2013.[1]  In this appeal,

_____

[1] Appellee, Charlene Wilson-Doffoney (Doffoney), former Administratrix of the Estate of Elaine Murray, has renewed, in her brief, her motion to quash that was denied by this Court on November 21, 2014, without prejudice to raise the issue before the merits panel.

Doffoney contends that the appeal is untimely because Murray failed to file his notice of appeal within 30 days of the entry of the final decree of June 12, 2014.  **See** Pa.R.A.P. 108(b) (date of entry of an order shall be the day on which the clerk makes the notation in the docket that notice of entry of the order has been given as required by Pa.R.C.P. 236(b)); Pa.R.A.P. 903(a) (notice of appeal shall be filed within 30 days after entry of order from which appeal is taken). Doffoney contends that the trial court docket indicates that the notice of appeal was filed on July 22, 2014. Therefore,
*(Footnote Continued Next Page)*

J-S03041-15

Murray lists ten questions, which he distills to three arguments, namely,

*(Footnote Continued)*  ───────────────

Doffoney argues that this appeal should be quashed as untimely. Doffoney also argues that the appeal should be quashed because Murray failed to provide a copy of the notice of appeal to Doffoney or Doffoney's counsel contrary to Pa.R.A.P. 906 (service of notice of appeal).

Pa.R.A.P. 903(a) clearly states that the notice of appeal shall be filed within 30 days after the entry of the order. Pa.R.A.P. 105(b) states that an appellate court may not enlarge the time for filing a notice of appeal. However, under the "prisoner mailbox rule," a legal document is deemed filed by an incarcerated litigant, proceeding *pro se*, on the date it is delivered to the proper prison authority or deposited in the prison mailbox. ***Thomas v. Elash***, 781 A.2d 170 (Pa. Super. 2001). To avail himself of the prisoner mailbox rule, an incarcerated litigant must supply sufficient proof of the date of mailing. ***Id.*** Murray is an incarcerated litigant, proceeding *pro se*.

In this case, prior to Doffoney's motion to quash, this Court issued a *per curium* rule to show cause order. In response, Murray averred that he originally filed his notice of appeal on June 20, 2014, but that it was returned to him as unfiled. He also averred that he refiled his notice of appeal on July 9, 2014. On September 19, 2014, Murray filed a "Supplement to Notice to Show Cause Why Appeal Not to Be Quashed," in the orphans' court, to which he attached a copy of a Department of Corrections (DOC) cash slip, bearing his name and signature, the words "Postage, Notice of Appeal, Orphan Ct., Superior Ct.", and time-stamps of "8 July 2014" and "July 9." This Court discharged the rule on September 17, 2014, with the *proviso* that "the issue may be revisited." Order, 9/17/2014. Doffoney then filed the motion to quash, which this Court denied without prejudice, and is now at issue.

Based on our review, we are satisfied that Murray has provided sufficient proof of the date of mailing with the copy of the DOC cash slip, and therefore we find the appeal is timely filed pursuant to the prisoner mailbox rule. With regard to Murray's failure to provide a copy of the notice of appeal to Doffoney or Doffoney's counsel, the "[f]ailure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal." Pa.R.A.P. 902.

Therefore, we deny Doffoney's motion to quash.

abuse of discretion by the orphans' court, mismanagement of the estate by Charlene Wilson-Doffoney (Doffoney), former Administratrix, and conflict of interest in the form of dual representation by counsel. For the following reasons, we affirm.

The orphans' court has aptly stated the history of this case, as follows:

Elaine Murray died on September 3, 2009, intestate and unmarried, leaving three children, Bruce Murray, Barbara Murray and Brenda Murray, to survive her as her heirs-at-law and next of kin under the intestate laws.

The Register of Wills granted Letters of Administration to Charlene Wilson-Doffoney, as Administratrix of the Estate of Elaine Murray, Deceased, on March 3, 2010.

Because she had failed to file an Account of her administration of the decedent's estate, as directed by Decree of Judge Matthew D. Carrafiello dated April 1, 2011, [the orphans' court] removed Charlene Wilson-Doffoney from her office of Administratrix of the Estate of Elaine Murray, Deceased, by [the court's] Decree dated July 25, 2011.

The Register of Wills granted Letters of Administration D.B.N. to Barbara Murray, daughter of the decedent, by Decree of the Register dated August 30, 2012.

On August 31, 2012, Barbara Murray, Administratrix D.B.N. as aforesaid, signed an Acknowledgment including statements that she had met with attorneys representing Charlene Wilson-Doffoney; that she had reviewed an Accounting for the period March 3, 2010 to July 25, 2011; and that she had received a check in the amount of $9,792.80, drawn to the order of the Estate of Elaine M. Murray, representing remaining estate funds.

On September 25, 2012, Bruce Murray, son of the decedent, filed a Petition For Citation For Writ Of Attachment because Charlene Wilson-Doffoney had failed to file an Account of her administration of the decedent's estate.

On November 19, 2012, Charlene Wilson-Doffoney, former Administratrix as aforesaid, filed a document entitled "First Interim Accounting" which is stated for the period March 3, 2010 to July 25, 2011 and is now before this Court for audit.

In her Account, the former Administratrix charges herself with receipt of cash, both principal and income, totaling $43,573.02. She then takes credit for disbursements totaling $9,580.22; distributions of cash totaling $ 7,400.00 to Bruce Murray, son of the decedent; distributions of cash totaling $7,400.00 to Barbara Murray, daughter of the decedent; and, distributions of cash totaling $9,400.00 to Brenda Murray, daughter of the decedent. The Account shows a balance of cash, both principal and income, totaling $9,792.80.

On January 24, 2013, Bruce Murray filed a document entitled "Objections To Response" which this Court is treating as Objections to the "First Interim Accounting" of Charlene Wilson-Doffoney.

In his Objections, Bruce Murray challenge[d] the following items in the Account, to wit: payment of $90.00 for death certificates on April 2, 2010; payment of $687.00 to Gallo Land Transfer on June 4, 2010; payment of $758.24 in real estate taxes on premises 1267 South Ringold Street, Philadelphia, on June 14, 2010; payment of $1,175.88 in real estate taxes on premises 1910 Point Breeze Avenue, Philadelphia, on June 17, 2010; payment of $750.00 for appraisals to William B. Furia on April 14, 2011; payment of $442.50 in legal advertising costs to William J. Mansfield on May 23, 2011; payment of $2,911.50 in administrator's commissions to Charlene Wilson-Doffoney on April 20, 2011; payment of $2,179.30 in legal fees to Mattioni, Ltd., on July 7, 2011; distributions of cash totaling $7,400.00 to Bruce Murray, son of the decedent; distributions of cash totaling $ 7,400.00 to Barbara Murray, daughter of the decedent; and, distributions of cash totaling $9,400.00 to Brenda Murray, daughter of the decedent.

At a Hearing held on April 29, 2013, Charlene Wilson-Doffoney offered the testimony of herself and five Exhibits which were marked Exhibit "R-1" through Exhibit "R-5".[2]

Orphans' Court Opinion, 9/13/2013, at 1–4.

The orphans' court, in its adjudication, found Doffoney to be a "credible and convincing witness," and found that she "made all of the disbursements and distributions for which she has taken credit in her Account." *Id.* at 4. The orphans' court determined disbursements, totaling $9,580.22, were "reasonable and necessary," and were "not excessive." *Id.* As such, the court dismissed all objections to the disbursements. However, the court found that Doffoney should be surcharged in the amount of $1,333.32 because she distributed cash totaling $7,400.00 to each of Bruce Murray and Barbara Murray, but distributed cash totaling $9,400.00 to Brenda Murray. The court distributed the surcharge amount, $666.66 to Bruce Murray and $666.66 to Barbara Murray as an individual, and distributed the remaining estate balance, $9,792.80 to Barbara Murray as Administratrix D.B.N. of the Estate of Elaine Murray, Deceased, for further

---

[2] Although the record contains Murray's request for the transcript and court orders of August 4, 2014, and November 27, 2013, directing the court stenographer to "transcribe the record and make it available to Murray, who is IFP," the notes of testimony of the April 29, 2013 hearing and exhibits are not part of the certified record. Moreover, efforts by this Court to obtain the transcript from the orphans' court were unsuccessful. Nevertheless, after careful examination of the claims raised in this appeal and the certified record, we conclude the absence of the transcript does not inhibit our meaningful review.

administration. Therefore, the first interim accounting of Doffoney, as modified by the ruling in the adjudication, was confirmed absolutely. **See** Adjudication, dated 9/13/2013, docketed 9/16/2013.

Thereafter, Murray filed exceptions to the adjudication.[3] **See** Pa.R.O.C. 7.1 (providing that a party may file exceptions to an adjudication within 20 days after entry of the adjudication). The orphan's court, by final decree entered June 12, 2014, dismissed the exceptions, affirmed its adjudication, and ordered that the final decree constitute a final order immediately appealable under Pa.R.A.P. 342. This *pro se* appeal by Murray followed.[4, 5]

Our standard of review is well settled:

---

[3] Murray's *pro se* notice of exception, dated September 30, 2013, attaches a certificate of service, indicating copies were sent by Murray from prison to Doffoney's counsel and to "Joseph O'Keefe, Clerk of Orphans Court, 415 City Hall." Murray's notice of exception does not appear on the docket. Judge O'Keefe's November 27, 2013, decree, stating, *inter alia*, that "the undersigned, sitting alone, shall dispose of the annexed exceptions to my adjudication dated September 13, 2013," attaches Murray's notice of exception. The document bears a time stamp indicating that Doffoney's counsel received the document on October 4, 2013, and Judge O'Keefe received the document on November 15, 2013.

[4] The orphans' court did not direct Murray to file a Pa.R.A.P. 1925(b) statement. The orphans' court filed a Rule 1925(a) opinion, stating that the reasons for its decision were set forth in the court's September 13, 2013, adjudication and decree. **See** Opinion per Pa.R.A.P. 1925(a), 8/4/2014.

[5] We note that Murray filed an "Objection to Appellee Brief Misrepresentation of Facts," in this Court on December 18, 2014. Murray also filed a "Judicial Notice of Adjudicative Facts" in this Court on February 2, 2014.

> Our standard of review of the findings of an Orphans'
> Court is deferential.
>
> > When reviewing a decree entered by the Orphans'
> > Court, this Court must determine whether the record
> > is free from legal error and the court's factual
> > findings are supported by the evidence. Because the
> > Orphans' Court sits as the fact-finder, it determines
> > the credibility of the witnesses and, on review, we
> > will not reverse its credibility determinations absent
> > an abuse of that discretion.
> >
> > However, we are not constrained to give the same
> > deference to any resulting legal conclusions.
>
> *In re Estate of Harrison*, 2000 PA Super 19, 745 A.2d 676,
> 678-79 (Pa. Super. 2000), *appeal denied*, 563 Pa. 646, 758 A.2d
> 1200 (2000) (internal citations and quotation marks omitted).
> "The Orphans' Court decision will not be reversed unless there
> has been an abuse of discretion or a fundamental error in
> applying the correct principles of law." *In re Estate of Luongo*,
> 2003 PA Super 171, 823 A.2d 942, 951 (Pa. Super. 2003),
> *appeal denied*, 577 Pa. 722, 847 A.2d 1287 (2003).

*In re Estate of Whitley,* 50 A.3d 203, 206–207 (Pa. Super. 2012), *appeal denied*, 69 A.3d 603 (Pa. 2013).

Murray first contends that the orphans' court committed an abuse of discretion in failing to address the following items: (1) Check #189, dated September 1, 2009, in the amount of $9,252.45 for pre-arrangement of funeral costs, (2) a wire transfer from decedent's bank's account, and (3) Check #991, in the amount of $3,500.00. Murray also contends the orphan's court abused its discretion in dismissing his objections to a $687.00 disbursement to Gallo Land Transfer on June 10, 2012, and a disbursement of $758.24 for real estate taxes for 1267 Ringold Street. In addition, Murray

claims he is entitled to $2,000.00. We find these arguments warrant no relief.

With regard to the first three items, Check "189, the wire transfer, and Check #991, we note these specific issues were not raised by Bruce Murray in his objections to the first interim accounting of Doffoney, and therefore may be deemed waived. *See* Pa.R.O.C.R. 7.1(b) ("Waiver. Exceptions may not be sustained unless the grounds are specified in the exceptions and were raised by petition, answer, claim, objection, offer of proof or other appropriate method.").

Even if not waived, Murray has failed to provide any legal or factual support for his claims. We note that Doffoney was not appointed administratrix until March 3, 2010, well after the issuance of Check #189, dated September 1, 2009. Likewise, Doffoney's appointment came after the wire transfer.[6]

_____

[6] The wire transfer was addressed in the first interim accounting, as follows:

> * The Citizen's Bank Savings Account (Account #6142-142072) had a balance of $0.00 when the Administrator was appointed. Research into this issue revealed the following:
>
> On September 8, 2009, five (5) days after Decedent's death, $21,882.12 was transferred by telephone to Citizens Bank Checking Account #622381-185-7. On that same day, $11,985.00 was transferred by telephone to Savings Account #6251-400367, which was an account jointly owned by Malik Neal. During her administration of the Estate, Administrator was unable to verify the location of these assets.

*(Footnote Continued Next Page)*

With regard to the check for $3,500.00, Murray only identifies the check as #991, dated "4/02,"[7] and written on a Citizen's Bank commercial account.[8]   Murray does not provide the year of the check, the bank account number, or any other details to show how the check is relevant to the first interim accounting.[9]   Consequently, this claim is also waived for lack of specificity.   **See In re Estate of Johnson**, 970 A.2d 433, 439 n.9 (Pa. Super. 2009) (finding waiver where appellant failed to develop his argument with any specificity), *appeal denied*, 980 A.2d 608 (Pa. 2009).

With respect to the June 4, 2010, disbursement to Gallo Land Transfer for $687.00, and the June 14, 2010, disbursement for real estate taxes of $758.24 for 1267 Ringgold Street, Murray reiterates the arguments he made to the orphans' court in his objections to the adjudication.   Specifically, Murray argues that "no transfer of deeds have been filed," and that the

*(Footnote Continued)* ────────────────

First Interim Accounting of Charlene E. Wilson-Doffoney, Administrator for Estate of Elaine M. Murray, 11/19/2012, at 4.  The record reflects that Malik Neal is believed to be the boyfriend of the decedent's granddaughter, Jakeeva Murray.

[7] **See** Murray's Brief at 2.

[8] **See** Murray's Notice of Exception, 10/4/2013, at ¶9.

[9] The first interim accounting covered the time period from March 3, 2010 to July 23, 2011.  **See** First Interim Accounting of Charlene E. Wilson-Doffoney, Administrator for Estate of Elaine M. Murray, 11/19/2012, at 1.  We note the first interim accounting does not reflect a $3,500.00 disbursement.

property at 1267 Ringgold was held by "joint ownership." Murray's Brief at 2–3. However, the orphans' court addressed these amounts in its adjudication and Murray fails to provide any argument to show how the orphans' court abused its discretion in dismissing his objections to these disbursements.

In addition, Murray's claim that he is entitled to $2000.00 warrants no relief at this juncture. Murray's objection is that he did not receive an **equal** one-third share distribution. However, this is a first **interim** accounting, which reflects distributions in **partial** satisfaction of the intestate shares.

Based on our review of Murray's arguments, we discern no basis upon which to overturn the decision of the orphans' court on the above-named grounds. Accordingly, no relief is due on Murray's first claim.

Secondly, Murray asserts that Doffoney mismanaged the estate, and claims he has suffered emotional damage as a result. Specifically, he points to Doffoney's unequal distributions of Estate proceeds. Furthermore, Murray contests the amounts of monies disbursed to Doffoney and to her counsel, Jennifer Popelack, Esquire, of Mattioni, Ltd., for legal fees. These claims likewise fail.

As discussed, the orphans' court surcharged Doffoney for her unequal distribution of Estate proceeds among the three heirs, not mismanagement of the Estate. Moreover, the orphans' court addressed the amounts for Doffoney's commissions and Estate legal fees in its decision, and our review

finds Murray has failed to offer any factual or legal argument to demonstrate an abuse of discretion by the orphans' court in finding these amounts reasonable and necessary. **See** 20 Pa.C.S. § 3537 ("[T]he court shall allow such compensation to the personal representative as shall in the circumstances be reasonable and just, and may calculate such compensation on a graduated percentage."); **Estate of Geniviva**, 675 A.2d 306, 312–313 (Pa. Super. 1996), *appeal denied,* 685 A.2d 545 (Pa. 1996). **See also Estate of Bruner**, 691 A.2d 530, 534 (Pa. Super. 1997) ("It is well established that the responsibility for determining the amount of counsel fees rests primarily with the auditing judge." (citation omitted)).

Next, Murray contends Popelack represented both the Estate and Doffoney, and that this representation constituted a conflict of interest. We find, however, that this claim is waived as Murray failed to raise it in his objections. **See** Pa.R.O.C. 7.1(b), **supra**. In any event, the record does not support this claim. Here, the first interim accounting reflects a July 7, 2011 payment to Mattioni, Ltd., for attorney fees while Doffoney was still adminstratrix. **See** First Interim Accounting of Charlene E. Wilson-Doffoney, Administrator for Estate of Elaine M. Murray, 11/19/2012, at 5. Further, the record does not show that Popelack was either appointed Administratrix of the Estate or retained by any heirs of the Estate. Accordingly, Murray's conflict of interest claim presents no basis upon which to disturb the decision of the orphans' court.

Finally, Murray seeks payment for his legal work done for the Estate. However, as the Estate did not benefit from the efforts of Murray, we find no abuse of discretion in the decision of the orphans' court that did not award costs to Murray. **See In re Padezanin**, 937 A.2d 475, 484 (Pa. Super. 2007) ("[W]here the estate is substantially benefitted by the efforts of an exceptant's counsel, which have resulted in an administrator being required to include in his inventory of the estate valuable assets previously not included, … it is within the discretion of the court to compensate the exceptant's counsel fees out of estate funds." (citation omitted)).

Decree affirmed. Doffoney's Motion to Quash denied. All other outstanding motions dismissed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/16/2015

- 12 -