J-S56020-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| HAKIM JIGGETTS | |
| Appellant | No. 3723 EDA 2016 |

Appeal from the Order entered October 28, 2016
In the Court of Common Pleas of Lehigh County
Criminal Division at No: CP-39-CR-0005101-2014

BEFORE:  BOWES, STABILE, and PLATT*, JJ.

MEMORANDUM BY STABILE, J.:          **FILED NOVEMBER 09, 2017**

Appellant, Hakim Jiggetts, appeals *pro se* from the October 28, 2016 order entered in the Court of Common Pleas of Lehigh County, denying his "Motion to Reinstate/Re-submit PCRA[1] [] under Extraordinary and Mitigating Circumstances."  Following review, we quash the appeal as untimely filed.

As the PCRA court explained in its December 8, 2016 memorandum opinion, Appellant entered a guilty plea to various drug-related crimes.  On July 22, 2015, Appellant was sentenced to consecutive terms of state imprisonment totaling six and one-half to thirteen years in prison.  Rule

---

* Retired Senior Judge assigned to the Superior Court.

1 Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.

1925(a) Opinion, 12/8/16, at 1-2. Appellant did not file post-sentence motions or a direct appeal. Appellant's judgment of sentence was final on August 21, 2015.

On July 22, 2016, Appellant filed a timely motion for collateral relief pursuant to the PCRA. Counsel was appointed and subsequently filed a motion to withdraw and a "no-merit" letter in accordance with **Turner/Finley**.[2] The PCRA court conducted an evidentiary hearing on September 20, 2016. The court granted counsel's motion to withdraw and also granted Appellant's motion to withdraw his PCRA petition. **Id.** at 2; **see also** Notes of Testimony, Evidentiary Hearing, 9/20/16, at 5-6.

On October 27, 2016, Appellant filed a motion to reinstate his PCRA petition. As noted above, the PCRA court had dismissed the petition five weeks earlier on Appellant's own motion. By order entered on October 28, 2016, the PCRA court denied the motion to reinstate. Order, 10/28/16, at 1.

Appellant filed a notice of appeal from the October 28 order. The notice is signed by Appellant and dated, in handwriting, "11-25 <u>16</u>" (underscoring in

_____

[2] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988).

original).[3]  However, our Court's records reflect that the notice of appeal was received and docketed on December 6, 2016, eight days after the deadline for filing an appeal.[4]  Appellant did not provide any official documentation from the prison or the postal service indicating the date on which actually he placed the notice in the hands of prison officials or the postal service in order to avail himself of the "prisoner mailbox rule."  *See, e.g., Commonwealth v. Jones*, 700 A.2d 423, 426 (Pa. 1997); *Thomas v. Elash*, 781 A.2d 170, 176 (Pa. Super. 2001).

In its Rule 1925(a) opinion, the PCRA court observed that Appellant's appeal was untimely filed and should be quashed.  Rule 1925(a) Opinion, 12/8/16, at 2-3.  The court also noted that Appellant voluntarily withdrew his PCRA motion at the September 20, 2016 hearing.  Therefore, his motion to reinstate the PCRA petition lacked merit and foundation.  *Id.* at 3.

_____

[3] Our review of the record reveals that Appellant's order for transcript included the hand-written date "11-25 16" (underscoring in original).  Appellant also signed a proof of service and verification that included hand-written dates of "11-25 16" and "11-25-16" (underscoring in original).  The certificate of service for the notice of appeal itself is simply dated "-16" (underscoring in original), with a blank space before the "-16."  In essence, it appears that the month and day on the notice of appeal, order for transcript, and the proof of service/verification were altered to reflect "11/25."  As for the certificate of service for the notice of appeal, the month and day were apparently deleted but not replaced, leaving only "-16."

[4] The deadline for filing an appeal was Monday, November 28, 2016, in light of the fact the thirtieth day fell on a Sunday.

On January 5, 2017, this Court issued a rule upon Appellant to show cause, within ten days of the order, why the appeal should not be quashed as untimely. Appellant was advised that failure to respond to the directive could result in quashal of his appeal without further notice. Appellant did not respond to the rule to show cause.

Appellant filed his brief with this Court on June 9, 2017, in accordance with an order from this Court dated April 26, 2017. Notably, Appellant did not address the untimeliness of his notice of appeal. Appellant's failure to respond to our rule to show cause and his failure to address the timeliness issue in his brief leads us to conclude that Appellant concedes his appeal was untimely filed. Therefore, we shall quash the appeal.

Appeal quashed.[5]

---

[5] Even if we did not quash the appeal as untimely filed, we would not consider the arguments raised in Appellant's brief. While Appellant has included various required elements of an appellate brief, he has not included a statement of questions involved as required by Pa.R.A.P. 2111(a)(4). Pa.R.A.P. 2116 provides that "[n]o question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby." Consequently, there are no issues presented for this Court to consider. **See Thomas v. Elash**, 781 A.2d at 176-77 (reiterating that "an appellant must present all issues on appeal in the Statement of Questions Involved section of his brief.").

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/9/2017