J-S16020-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| DANIEL BOYE | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| DEBRA MCCARTHY | : | No. 1538 MDA 2021 |

Appeal from the Order Entered October 19, 2021,
in the Court of Common Pleas of Luzerne County,
Civil Division at No(s): 2021-00941.

BEFORE: PANELLA, P.J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY KUNSELMAN, J.: **FILED: JULY 19, 2022**

## I. Introduction

In this defamation case, Daniel Boye, a Luzerne County college student, appeals from the order sustaining preliminary objections in the nature of a demurrer to his complaint against Debra McCarthy, a resident of New York.[1] Mr. Boye alleges Ms. McCarthy libeled him. According to the complaint, Ms. McCarthy sent a false e-mail to an administrator at Mr. Boye's college. She alleged that Mr. Boye raped a third party in his dorm room.

The trial court held that, as a matter of law, Ms. McCarthy's e-mail was a privileged communication and, therefore, incapable of forming the basis of a defamation claim. It also ruled that Mr. Boye's complaint lacked sufficient

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] Initially, Ms. McCarthy attempted to remove this matter to the United States District Court for the Middle District of Pennsylvania on diversity-of-citizenship grounds. On April 5, 2021, the federal court denied her request and remanded the case to the Court of Common Pleas of Luzerne County.

factual allegations to establish that Ms. McCarthy abused, and thus waived, the privilege. We disagree with the trial court's interpretation of the facts alleged in the complaint, reverse, and remand for further proceedings.

## II. Facts Alleged in the Complaint

The complaint[2] alleges the following facts: Mr. Boye and Jane Roe attend a private college in Pennsylvania. They became sexual partners for a time and "then stopped talking to each other." Complaint at 1, ¶ 3.

A few months later, Mr. Boye exited his dorm room to find Ms. Roe naked in the hallway, where she appeared to be having sex with another student ("Partner #1"). Neither Ms. Roe nor Partner #1 lived in Mr. Boye's residence hall. *See id.* at 2.

Shortly thereafter, Ms. Roe "forced her way into [Mr. Boye's] room and proceeded to have sexual intercourse with him." *Id.* at 2, ¶ 6. The following morning, a video recording displayed Mr. Boye escorting "a smiling Jane Roe

_____

[2] Under our scope of review discussed below, we must accept the facts alleged in Mr. Boye's complaint as true, because we are reviewing an order that dismissed his case on preliminary objections.

Also, in the complaint, Mr. Boye identified himself and the third party as "John Doe" and "Jane Roe," respectively. However, in resolving Ms. McCarthy's preliminary objections, the trial court ordered Mr. Boye to "use his legal name on any further filings and submissions." Trial Court Opinion, 10/19/21, at 6. Mr. Boye did not appeal that decision, and he uses his legal name in this Court. Thus, we use Mr. Boye's name in the factual recitation, rather than "John Doe," and that pseudonym no longer appears in the case's caption.

back to her own dorm." *Id.* at 2, ¶ 7. Later that day, Ms. Roe "stated that she had been drugged and sexually assaulted." *Id.* at 2, ¶ 8.

Next, Ms. McCarthy, who was not present for the above events, e-mailed an administrator at Mr. Boye's private college. Therein, she falsely accused Mr. Boye of:

> [telling] another student that [Partner #1] was forcing Jane Roe as she was blacked out to perform a sex act upon him and that [Mr. Boye] got Jane Roe away from him and then performed a non-consensual intercourse on Jane Roe.
>
> [Mr. Boye] is bragging to other [college] students he had 3 hours of non-consensual sex on blacked-out Jane Roe.
>
> Jane Roe cannot remember anything other than being in [the] hallway of [the] dormitory and believes she was roofied in a dorm room that [Partner #1] was in earlier in the evening.
>
> While the investigation is taking place, how [can] Jane Roe feel safe with [Partner #1,] a 6 ft, 300-pound assailant and his co-perpetrator on campus[?]

*Id.* at 2-3, ¶ 10 (some punctuation and capitalizations omitted).

"Ms. McCarthy made no effort to contact [Mr. Boye] to check the truth of her defamatory and malicious assertions stated in that e-mail." *Id.* at 3, ¶ 11. Additionally, she sent it with absolutely no regard for the falsehoods it states and which she admits she knew about at that time in the very same e-mail." *Id.* at 5-6, ¶ 26. Instead of giving a firsthand account of events (or even a hearsay recitation of Ms. Roe's recollection), Ms. McCarthy "manufactured all the vitriol stated in the September 16, 2020 e-mail and knowingly published it to harm [Mr. Boye]." *Id.* at 6, ¶ 26.

Ms. McCarthy's false accusations lowered Mr. Boye's reputation in the college community and his hometown, because she wrongly "labeled him as a man who would rape Jane Roe for three hours and then brag about it to his friends." *Id.* at 6, ¶ 29. Ms. McCarthy wrote her libelous e-mail with the hope of getting Mr. Boye expelled or otherwise injuring his college career. Hence, Mr. Boye suffered harm to his reputation. *See id.* at 7.

### III. Procedural Background

Mr. Boye initiated this lawsuit on January 27, 2021. In his complaint, he alleged three counts against Ms. McCarthy: Defamation, Defamation *Per Se*, and False Light.

Ms. McCarthy filed five preliminary objections. First, she objected, in the nature of a demurrer to the entire complaint. To support that objection, Ms. McCarthy claimed her e-mail was conditionally privileged. Second, she objected to Mr. Boye using "John Doe" to identify himself. Third, she demurred specifically to the count of False Light. Fourth, Ms. McCarthy sought dismissal of punitive damages. And fifth, she objected to the lack of an appropriate verification, because Mr. Boye filed the complaint with a redacted signature.

Mr. Boye filed a reply to the preliminary objections, a brief in opposition, and supplemental response to the preliminary objections. In his reply and brief in opposition, Mr. Boye asserted that Ms. McCarthy abused/waived the conditional privilege, because she acted with malice or negligence.

In his supplemental response, Mr. Boye also challenged Ms. McCarthy's claim that the e-mail was conditionally privileged. He asserted that no such privilege existed, because the privilege only applies to communications before quasi-judicial proceedings of government-run entities. Here, the college administrator worked for a private institution; thus, Mr. Boye argued the conditional privilege could not apply to Ms. McCarthy's libelous e-mail.

Sustaining the first preliminary objection, the trial court stated, "It is clear and free from doubt that [Ms. McCarthy's] e-mail, as alleged in the complaint, was privileged." Trial Court Opinion, 10/19/21, at 4. The court ruled Ms. McCarthy had an interest in protecting the welfare of Jane Roe, because Ms. Roe was Ms. McCarthy's daughter.[3] It further ruled that the administrator had an interest in protecting the college's students from violent, sexual offenses while on campus. Next, the trial court opined that "there is a manifest public interest in the reporting of sexual assaults to the appropriate entities on college campuses . . . so that these incidents can be investigated and prevented." *Id.* at 5. Lastly, the court held the complaint did "not aver facts whereby one could find the transmission of the e-mail by [Ms. McCarthy] was actuated by malice or negligence." *Id.* Thus, it sustained the first

_____

[3] The complaint did not state that Ms. Roe and Ms. McCarthy are daughter and mother. Thus, the fact that Ms. Roe is Ms. McCarthy's daughter was outside the trial court's scope of review, and it is outside ours, as well. *See Mazur v. Trinity Area School Dist.*, 961 A.2d 96, 101 (Pa. 2008). We may accept as true only the facts alleged in Mr. Boye's complaint, not those raised in the preliminary objections. Hence, for purposes of this appeal, we assume that no such relationship exists between Ms. Roe and Ms. McCarthy, because Mr. Boye did not allege it.

preliminary objection, declined to rule upon Ms. McCarthy's other preliminary objections on the grounds that they were moot, and dismissed the complaint without granting Mr. Boye leave to amend.

This timely appeal followed.

## IV. Analysis

In his Statement of Questions Involved, Mr. Boye raises the following four issues on appeal:

> 1.    Did the [trial] court commit error of law in its analysis of the defamatory nature of Ms. McCarthy's email where she falsely calls Mr. Boye a bragging rapist?
>
> 2.    Did the [trial] court commit error of law in its analysis of applicability of the conditional privilege in 42 Pa.C.S.A. § 8343(a)(7) to Ms. McCarthy's defamatory *per se* e-mail about Mr. Boye in the context of private school disciplinary settings?
>
> 3.    Did the [trial] court commit error of law in taking the questions of Ms. McCarthy's malice, and of her waiver of the conditional privilege through abuse, away from the jury, as well as requiring more malice than that stated in the complaint?
>
> 4.    Did the [trial] court abuse its discretion when it dismissed Mr. Boye's complaint rather than granting him leave to amend it?

Mr. Boye's Brief at 3-4 (some capitalization omitted).

Instead of limiting the argument of his brief to the four issues above, Mr. Boye argues nine issues. The nine issues in his argument are as follows:

> 1.    [Whether the trial court] committed error of law [by] failing to determine that Ms. McCarthy's e-mail outrageously calling Mr. Boye the bragging rapist of [Ms. Roe] is capable of defamation[?]

2.      [Whether the trial court] improperly decided what the jury must: Whether [the college administrator] understood [it] as defamatory towards Mr. Boye[?]

3.      [Whether the trial court] committed error of law [by] failing to apply the test for the defamatory impact of Ms. McCarthy's e-mail on the "average mind"[?]

4.      [Whether the trial court] committed error of law [by] failing to classify Ms. McCarthy's statements about Mr. Boye as slander *per se*[?]

5.      [Whether the trial court] committed several errors of law in its analysis of . . . the conditional privilege in 42 Pa.C.S.A. § 8343(a)(7) to Ms. McCarthy's defamatory *per se* e-mail about Mr. Boye[?]

6.      Even if the conditional privilege in 42 Pa.C.S.A. § 8343(a)(7) applies to Ms. McCarthy's defamatory *per se* e-mail, [whether the trial court] committed error of law taking the question of abuse away from the jury and requiring more malice than that stated in the complaint all of which waived this privilege[?]

7.      [Whether the trial court] committed error of law when it failed to draw inferences in Mr. Boye's favor even from the few facts considered in its opinion[?]

8.      [Whether the trial court] abused its discretion [by] dismissing, instead of granting leave to amend, the complaint[?]

9.      [Whether the trial court] ignored the false light claim[?]

*Id.* at 13-16, 27, 35, 37.

## A.      Mr. Boye's Five Additional Issues

Adding new issues to the argument section of one's brief is procedurally impermissible. Doing so raises a wavier issue, and we must resolve it before proceeding to the merits of this appeal.

"The applicability of waiver principles presents a question of law, over which our standard of review is *de novo* . . . [and] our scope of review is plenary." ***Temple Est. of Temple v. Providence Care Ctr., LLC***, 233 A.3d 750, 760 (Pa. 2020).

The Supreme Court of Pennsylvania has exercised its constitutional power to promulgate Rules of Court. ***See*** Pa. Const. art. V, § 10(c). The High Court and this Court expect parties and their representatives to follow those rules at all stages of litigation. This includes the Rules of Appellate Procedure.

Pennsylvania Rule of Appellate Procedure 2116 requires an appellant to present all his issues on appeal in the Statement of Questions Involved. That statement "must state concisely the issues to be resolved, expressed in the terms and circumstances of the case but without unnecessary detail." Pa.R.A.P. 2116(a). "No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby." ***Id.***

"This rule is to be considered in the highest degree mandatory, admitting of no exception; ordinarily, no point will be considered which is not set forth in the statement of questions involved or suggested thereby." ***Thomas v. Elash***, 781 A.2d 170, 177 (Pa. Super. 2001).

Here, Mr. Boye listed nine issues in his brief's argument, but he raised only four questions in his Statement of Issues Involved. The issues that Mr. Boye argues, but which do not appear in his Statement of Questions Involved, are at argument headings 2, 3, 4, 7, and 9. ***See*** Mr. Boye's Brief at 14-16,

35, 37. Moreover, none of these issues is fairly suggested by the four questions in Mr. Boye's Statement of Issues Involved.

Thus, we dismiss those five additional issues as waived. *See* Pa.R.A.P. 2116(a).

## B. Defamatory Meaning of the E-mail

In his first issue, Mr. Boye claims that the trial court erroneously failed to consider whether Ms. McCarthy's e-mail had a defamatory meaning. *See* Mr. Boye's Brief at 13-14. While the trial court's opinion does not analyze whether the e-mail was defamatory, such an analysis was unnecessary.

In her preliminary objection, Ms. McCarthy did not assert that the e-mail was incapable of defamatory meaning. She objected on the grounds that, "*if a communication is capable of defamatory meaning*, but was made on a conditionally privileged occasion, the defendant is relieved from liability." Preliminary Objections at 2, ¶ 9 (emphasis added). Thus, this preliminary objection presupposed that the e-mail was capable of defamatory meaning.

Logically then, the trial court did not bother deciding whether the e-mail was capable of defamatory meaning, because that question was not before it. The trial court authored its opinion under the presumption that the e-mail was capable of defamatory meaning.

This issue affords Mr. Boye no relief.

## C. Application of Conditional Privilege to a Private College

Next, Mr. Boye believes the trial court erred by deeming Ms. McCarthy's libelous e-mail conditionally privileged, because she sent it to an administrator

at a private, rather than a public, college. Mr. Boye argues the conditional privilege only applies when one communicates false information to local, state, or federal actors. *See* Mr. Boye's Brief at 18. He bases this argument upon a case from the United States Court of Appeals for the Third Circuit, ***Overall v. University of Pennsylvania***, 412 F.3d 492 (3d. Cir. 2005).

Mr. Boye further faults the trial court for not having considered this theory in its opinion. As explained, reliance upon ***Overall*** is misplaced; thus, the trial court's failure to opine on this theory is harmless error.

"When an appellate court rules on whether preliminary objections in the nature of a demurrer were properly sustained, the standard of review is *de novo*, and the scope of review is plenary." ***Mazur v. Trinity Area School Dist.***, 961 A.2d 96, 101 (Pa. 2008). We may affirm an order sustaining "preliminary objections only when, based on the facts pleaded, it is clear and free from doubt that the complainant will be unable to prove facts legally sufficient to establish a right to relief." ***Id.*** In other words, we must resolve any doubt in favor of reversal.

"For the purpose of evaluating the legal sufficiency of the challenged pleading, the court must accept as true all well-pleaded, material, and relevant facts alleged in the complaint and every inference that is fairly deducible from those facts." ***Id.*** Thus, our scope of review includes only the complaint.

A defendant may shield a libelous writing from liability by proving the "privileged character of the occasion on which it was published." 42 Pa.C.S.A. § 8343(b)(2). Ms. McCarthy asserted, as a matter of law, her e-mail to the

college's administrator was conditionally privileged and, therefore, not a proper basis for a defamation action. **See** Preliminary Objections at 2, ¶ 16. She argued that, when present, one of three conditions gives rise to the privilege.[4] Ms. McCarthy claimed that her e-mail satisfied all three.

In the trial court, Mr. Boye raised two counterarguments to the first preliminary objection. Importantly, he did not contend Ms. McCarthy failed to satisfy any of the three conditions.[5] Instead, he argued (1) such a privilege does not apply to private colleges and (2) she abused the conditional privilege by publishing the e-mail maliciously or negligently. **See** Supplemental Response to Preliminary Objections at 2; Memorandum of Law in Support of Reply to Preliminary Objections at 3-4.

---

[4] While not at issue here, the three conditions that give rise to a privileged communication are:

> (1)  when some interest of the publisher of the defamatory matter is involved;
>
> (2)  when some interest of the recipient of the matter, or a third party is involved; or
>
> (3)  when a recognized interest of the public is involved.

***Elia v. Erie Ins. Exch.***, 634 A.2d 657, 660 (Pa. Super. 1993).

[5] We note that, on appeal, Mr. Boye now attempts to argue that Ms. McCarthy does not satisfy the three conditions for various reasons, beyond the fact that the college at issue is private. **See** Mr. Boye's Brief at 20-27. "Issues not raised in the trial court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302. Therefore, we dismiss the issues raised in that portion of Mr. Boye's brief as waived for purposes of this appeal.

- 11 -

Turning to Mr. Boye's argument that no privilege applies to a private institution, he replies upon **Overall**, **supra**. There, the Third Circuit stated, "We have not found a single Pennsylvania case according quasi-judicial status to entirely private hearings." **Overall**, 412 F.3d at 497. "Rather, Pennsylvania cases finding quasi-judicial privilege consistently involve proceedings before federal, state, or local governmental bodies, or proceedings held pursuant to a statute or administrative regulation." **Id.** Thus, the Third Circuit refused to allow the University of Pennsylvania to assert a privilege from defamatory statements made by professors during a tenure-review hearing.

However, 25 years prior to **Overall**, this Court held that the conditional privilege from defamation does apply to the internal reports of employees and trustees at the University of Pennsylvania, notwithstanding the institution's private nature. In **Beckman v. Dunn**, 419 A.2d 583, 587 (Pa. Super. 1980), a Ph.D. candidate failed two tests for her degree. When she challenged her expulsion for poor performance, a professor authored a letter about her to Penn's ombudsman that the former student alleged was defamatory. In affirming the trial court's grant of judgment on the pleadings to the university, this Court held, "the publication was made on a conditionally privileged occasion relieving appellees of any liability." **Id.** at 587.

Therefore, this Court has on-point caselaw applying the conditional privilege to administrators of private colleges. As a result, **Overall** has no persuasive authority on this Court. "It is beyond the power of a Superior Court

panel to overrule a prior decision of the Superior Court." **Commonwealth v. Pepe**, 897 A.2d 463, 465 (Pa. Super. 2006).

**Beckman** is binding. As a matter of Pennsylvania law, Ms. McCarthy may assert that her e-mail to the administrator of a private college was conditionally privileged. Thus, Mr. Boye's second claim of error is meritless.

**D.    The Complaint Alleges Facts Establishing Waiver of Privilege**

For his third issue, Mr. Boye asserts the trial court misinterpreted his complaint. He argues that he included facts establishing that Ms. McCarthy waived the conditional privilege. In his view, those alleged facts prove that Ms. McCarthy acted maliciously or negligently when she e-mailed the college administrator. We agree.[6]

Under Pennsylvania's defamation statute, if a defendant proves that the communication was conditionally privileged, the plaintiff may still prevail by demonstrating the defendant abused, and thereby waived, the privilege. **See, e.g.**, **Elia v. Erie Ins. Exch.**, 634 A.2d 657, 661 (Pa. Super. 1993). "In an action for defamation, the plaintiff has the burden of proving . . . [a]buse of a conditionally privileged occasion." 42 Pa.C.S.A. § 8343(a)(7).

"While the question of whether a privilege applies in a given case is for the judge to determine, the question of whether or not that privilege has been abused is a matter for the jury's consideration." **Paul v. Lankenau Hosp.**, 543 A.2d 1148, 1158 (Pa. Super. 1988), *aff'd in part, rev'd in part on other*

---

[6] We reincorporate our scope and standard of review from section IV(C) here via reference.

*grounds*, 569 A.2d 346 (Pa. 1990). One way in which a plaintiff may prove abuse to the jury is by showing that the defendant libeled him with "malice or negligence . . . ." **Elia**, 634 at 661 (quoting **Beckman**, **supra** at 288). Based on our scope and standard of review which require us to presume true all well-pled facts and to draw all reasonable inferences in favor of Mr. Boye, **see Mazur**, **supra**, we cannot say with absolute certainty that Ms. McCarthy published her libelous e-mail to the college's administrator without malice.

It is settled law in this Commonwealth that, when the plaintiff alleges an abuse of conditional privilege through malice, "the jury has to find that the defendant made the defamatory communication intentionally, with the knowledge that it was false, recklessly, without regard to whether it was true or false . . . ." **Bargerstock v. Washington Greene Cmty. Action Corp.**, 580 A.2d 361, 364 (Pa. Super. 1990) (*citing* Pennsylvania Standard Jury Instructions (Civ.) § 13.09 (1980)).

Here, Mr. Boye alleged facts that, if true, would establish Ms. McCarthy acted with a reckless disregard for whether her e-mail was true or false. To begin with, Ms. McCarthy was not an eyewitness to any of the events that she reported to the administrator. Her e-mail related no details of Ms. Roe's encounter with Mr. Boye on the date at issue.

Instead, Ms. McCarthy wrote that Ms. "Roe cannot remember anything other than being in [the] hallway of [the] dormitory and believes she was roofied in a dorm room that [Partner #1] was in earlier in the evening." Complaint at 2-3, ¶ 10 (some punctuation and capitalizations omitted). Thus,

Ms. McCarthy's secondhand account of Ms. Roe's suspicion that someone "roofied" her in a room with Partner #1 does not relate to Mr. Boye, much less establish that he raped Ms. Roe. Viewing the allegations and drawing all reasonable inferences in Mr. Boye's favor, he had no knowledge that Ms. Roe was under the influence of a date-rape drug. In fact, he claims that she came onto him.

Hence, based on Mr. Boye's complaint, Ms. McCarthy knew nothing of what transpired in his dorm room between Ms. Roe and Mr. Boye. As far as Ms. McCarthy knew, any sexual activity could have been fully consensual, and, at this point of the proceedings, we must presume that it was. As a result, if these facts are proven to the jury's satisfaction, it may well conclude that Ms. McCarthy acted recklessly when accusing Mr. Boye of rape, *i.e.*, that she "made the defamatory communication . . . recklessly, without regard to whether it was true or false . . . ." **Bargerstock**, **supra**.

Moreover, Mr. Boye alleges in his complaint Ms. McCarthy sent her e-mail without bothering to ask him what transpired in his room on the day in question. While Ms. McCarthy dismisses this point as an "incongruity of requiring [her] to speak with the victim's allege rapist prior to making a report of the alleged rape," a jury might not see it that way. Ms. McCarthy's Brief at 38. A jury could reasonably conclude that, before making so weighty an accusation as rape based on nothing more than hearsay evidence, the prudent person would, at a minimum, want to hear the other person's side of the story.

- 15 -

Because Ms. McCarthy had no direct information regarding the events in question, a jury might well find that she "manufactured all the vitriol stated in the September 16, 2020 e-mail and knowingly published it to harm [Mr. Boye]." Complaint at 6, ¶ 26.

That said, as this litigation moves forward – to Ms. McCarthy's answer and new matter and then, likely, into discovery – additional facts may emerge that conclusively disprove Mr. Boye's allegation that Ms. McCarthy published the e-mail with malice. Or the jury may find that Mr. Boye's version of events is incorrect.

Nevertheless, at this early stage of the proceeding, we cannot agree with the trial court that Mr. Boye's "complaint does not aver facts whereby one could find the transmission of the e-mail by [Ms. McCarthy] was actuated by malice or negligence." Trial Court Opinion, 10/19/21, at 5. A reasonable juror could make just such a finding. **See Paul**, **supra**.

This issue affords Mr. Boye full appellate relief.[7]

Order sustaining first preliminary objection reversed. Case remanded for the trial court to address Ms. McCarthy's remaining preliminary objections in the first instance.

Jurisdiction relinquished.

---

[7] We therefore dismiss Mr. Boye's final appellate issue as moot.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>07/19/2022</u>