J-S78037-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LEONARD JAMES SHUGARS | : | |
| | : | |
| Appellant | : | No. 1146 EDA 2018 |

Appeal from the Order March 14, 2018
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s):  CP-39-CR-0002387-2015

BEFORE:   LAZARUS, J., McLAUGHLIN, J., and STEVENS*, P.J.E.

MEMORANDUM BY STEVENS, P.J.E.:               **FILED JANUARY 17, 2019**

Appellant Leonard James Shugars appeals *pro se* from the Order entered in the Court of Common Pleas of Lehigh County on March 14, 2018, denying as untimely his petition filed pursuant to the Post Conviction Relief Act (PCRA).[1]  We affirm.

In 2004, Appellant pled guilty to a single count of aggravated indecent assault of a person less than 13 years of age[2] and consequently was determined to be a sexually violent predator (SVP) under Megan's Law II,[3] the

---

[1] 42 Pa.C.S.A. §§ 9541-9546.
[2] 18 Pa.C.S.A. § 3125(a)(7).
[3] Act of May 10, 2000, P.L. 74, No. 18 (as amended, 42 Pa.C.S. §§ 9791–9799.7). The statute was referred to as "Megan's Law II" because the General Assembly had enacted a prior version of Megan's Law in 1995, **see** Act of Oct. 24, 1995, P.L. 1079 (Spec. Sess. No. 1), substantial portions of which were ultimately deemed unconstitutional. **See Commonwealth v. Williams**, 574 Pa. 487, 493, 832 A.2d 962, 965 (2003).

---

\*   Former Justice specially assigned to the Superior Court.

law then in effect.  Due to his SVP status, Appellant was required to report for the remainder of his life.  N.T. Hearing, 1/3/18, at 3-4.

On or about April 10, 2015, Appellant failed to register with the Pennsylvania State Police, and on October 2, 2015, he pled guilty to Failure to Comply with Registration Requirements- graded as a second offense.[4]  On February 1, 2016, Appellant was sentenced to three (3) years to (6) years in prison.  Appellant filed a "Post-Trial Motion" on February 9, 2016, wherein he requested that the trial court reconsider its sentence.  Following a hearing, the trial court entered its Order denying Appellant's motion on March 14, 2016.  Appellant did not file an appeal from this Order.

On July 19, 2017, the Pennsylvania Supreme Court decided **Commonwealth v. Muniz**, 640 Pa. 699, 164 A.3d 1189 (2017) wherein it held the registration requirements of the Sex Offender Registration and Notification Act ("SORNA"), 42 Pa.C.S.A. §§ 9799.10-9799.41, constitute criminal punishment and that retroactive application of SORNA's Subchapter H requirements to defendants whose crimes occurred prior to SORNA's effective date of December 20, 2012, violated the *ex post facto* clause of the federal and Pennsylvania Constitutions.  **Id**. at 749, 164 A.3d at 1218.

On September 21, 2017, Appellant filed the instant PCRA petition, *pro se*. Therein, Appellant alleged he was entitled to the benefit of the exceptions to the PCRA time-bar set forth in 42 Pa.C.S.A. §§ 9545(b)(1)(ii), (iii) and in

---

[4] 18 Pa.C.S.A. § 4915.1(a)(1).

doing so reasoned that because **Muniz** invalidated SORNA's registration requirements, he "should never have been charged with failure to comply with registration." **See** PCRA Petition, filed 9/21/17, at 7. In its Order entered on October 17, 2017, the PCRA court appointed counsel to represent Appellant and scheduled a hearing on Appellant's PCRA petition for January 3, 2018.

On December 7, 2017, counsel filed his Motion to Withdraw as Counsel wherein he alleged that after a full review of the record he believed Appellant's *pro se* petition lacked merit and that no additional meritorious claims could be brought on Appellant's behalf. Counsel attached as "Exhibit A" to his motion to withdraw a "no-merit" letter dated December 5, 2017, and addressed to Appellant providing Appellant with an explanation as to why counsel deemed his claims to be meritless.

Following a hearing, the PCRA court entered an Order on January 3, 2018, granting counsel's motion to withdraw. In an Order entered on February 13, 2018, following its consideration of Appellant's PCRA petition along with counsel's motion to withdraw and the accompanying "no merit" letter, the PCRA court provided Appellant with notice pursuant to Pa.R.Crim.P. 907(1) of its intention to dismiss Appellant's petition as untimely. Appellant filed a response on March 2, 2018, and on March 14, 2018, the PCRA court entered its Order denying and dismissing Appellant's PCRA petition.

Appellant filed a timely notice of appeal with this Court on April 13, 2018. In its April 17, 2018, Order the PCRA court directed Appellant to file a concise statement of the errors complained of on appeal, and Appellant

complied on May 11, 2018. On June 8, 2018, the PCRA court filed its Pa.R.A.P. 1925(a) Opinion. In his brief, Appellant presents the following questions for this Court's review:

I.  Did the PCRA [c]ourt err and abuse is discretion when informing [Appellant] that said court did not have jurisdiction over his <u>TIMELY</u> filed PCRA Petition?

II.  Did the PCRA [c]ourt erred, [sic] when it failed to investigate and correct the State's **illegal/unlawful** sentence of Appellant for "FAILURE TO REGISTER" pursuant to SORNA, which is **EX POST FACTO** TO Appellant's predicate sentence, docketed at CP-42-CR-0563-2002 which was based on the now expired Megan's Law II?

III.  Did the PCRA [c]ourt err, when it failed to correct the trial court's assessment of [Appellant] as an [sic] Sexually Violent Predator (SVP) since the recently rendered decision in **Commonwealth v. Butler** 1225 WDA 2016 (Pa. Superior Court) ruled that the process by which [Appellant] was found an SVP violated [Appellant's] Constitutional Rights?

Brief for Appellant at 3 (emphasis in original).

Before we may address the merits of any of these issues, we must begin by examining the timeliness of Appellant's petition, because the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition. ***Commonwealth v. Bennett***, 593 Pa. 382, 388, 930 A.2d 1264, 1267 (2007).

Under the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final, unless one of the following exceptions set forth in 42 Pa.C.S.A. §§ 9545(b)(1)(i)–(iii) applies:

**(b) Time for filing petition.—**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)–(iii). "Any petition attempting to invoke one of these exceptions 'shall be filed within 60 days of the date the claim could have been presented.'" 42 Pa.C.S.A. § 9545(b)(2); *Commonwealth v. Murphy*, 180 A.3d 402, 404, *appeal denied*, 195 A.3d 559 (Pa. 2018).

Herein, Appellant's post sentence motion was denied on March 14, 2016. Therefore, his judgment of sentence became final on or about April 14, 2016, the time in which he had to file a direct appeal with this Court. *See* 42 Pa.C.S.A. § 9545(b)(3) ("For purposes of this subchapter, a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review"); Pa.R.A.P. 903(a) ("the notice of appeal … shall be filed within 30 days after the entry

of the order from which the appeal is taken"); Pa.R.Crim.P. 720(a)(2)(c) ("If the defendant files a timely post-sentence motion, the notice of appeal shall be filed ... within 30 days of the entry of the order deciding the motion"). A timely petition needed to have been filed on or before April 14, 2017, within one year after the judgment of sentence became final; thus, Appellant's present petition filed on September 21, 2017, is facially untimely. Consequently, for this Court to have jurisdiction to review the merits of his claims, Appellant must prove that he meets one of the exceptions to the timeliness requirements set forth in 42 Pa.C.S.A. § 9545(b). For the reasons that follow, we find Appellant has failed to meet this burden.

Appellant seemingly attempts to satisfy the timeliness exception of Section 9545(b)(1)(iii) by arguing that the lifetime registration requirement imposed upon him pursuant to Megan's Law II is unconstitutional under our Supreme Court decision in *Muniz* (holding that SORNA's registration provisions are punitive and that retroactive application of those provisions violates the federal *ex post facto* clause, as well as the *ex post facto* clause of Pennsylvania's Constitution) and that his designation as an SVP is unconstitutional under this Court's subsequent decision in *Commonwealth v. Butler*, 173 A.3d 1212 (Pa.Super. 2017) (holding that, in light of *Muniz* and the United States Supreme Court's decision in *Alleyne v. United States*, 570 U.S. 99 (2013), the process for designating an individual as an SVP under SORNA is unconstitutional).

The PCRA court stresses that Appellant had until September 18, 2017, to file a PCRA petition in reliance upon *Muniz* which had been decided on July 19, 2017, and that he provided no reasonably verifiable evidence in the record to support a finding he provided the petition to prison authorities before then. Specifically, the PCRA court states that "[t]he petition is not dated, there is no envelope attached to the petition, no prisoner cash slip, and no Postal Form 3817 certifying the date of mailing." *See* Trial Court Opinion, filed 6/8/18, at 3.

It is incumbent upon the incarcerated *pro se* litigant to "supply sufficient proof of the date of mailing[.]" *Thomas v. Elash*, 781 A.2d 170, 176 (Pa. Super. 2001). While Appellant's PCRA petition is time stamped as filed on September 21, 2015, Appellant represents that he handed the petition to prison authorities on September 15, 2017. We agree with the trial court that there is no record evidence to substantiate Appellant's claim and, in fact, no date appears on the *pro se* petition itself. Thus, the trial court correctly found the petition to be untimely in that while illegal sentencing issues cannot be waived, they still must be presented in a timely PCRA petition. *Commonwealth v. Holmes*, 593 Pa. 601, 607, 933 A.2d 57, 60 (2007).

Even were we to give credence to Appellant's representation and deem his PCRA petition as having been filed on September 15, 2017, within sixty

days of the **Muniz** decision under the "Prisoner Mailbox Rule,"[5] **Muniz** would afford Appellant no relief, as he was sentenced pursuant to Megan's Law II, not SORNA, the latter of which our Supreme Court concluded to be "much more retributive than Megan's Law II." **Id**. at 744, 164 A.3d at 1216.

Moreover, in **Commonwealth v. Abdul−Salaam**, 571 Pa. 219, 812 A.2d 497 (2002), our Supreme Court held that,

> [s]ubsection (iii) of Section 9545 has two requirements. First, it provides that the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or this court after the time provided in this section. Second, it provides that the right "has been held" by "that court" to apply retroactively. Thus, a petitioner must prove that there is a "new" constitutional right and that the right "has been held" by that court to apply retroactively. The language "has been held" is in the past tense. These words mean that the action has already occurred, *i.e.*, "that court" has already held the new constitutional right to be retroactive to cases on collateral review. By employing the past tense in writing this provision, the legislature clearly intended that the right was already recognized at the time the petition was filed.

---

[5] This Rule provides that a *pro se* document is deemed filed on date a prisoner deposits the document with the proper prison authority and/or places it in the prison mailbox, even where it is actually received by the court after deadline for filing. **See Commonwealth v. Wilson**, 911 A.2d 942, 944 (Pa.Super. 2006). Under the Rule, "we are inclined to accept any reasonably verifiable evidence of the date that the prisoner deposits the [*pro se* document] with the prison authorities...." **Commonwealth v. Perez**, 799 A.2d 848, 851 (Pa. Super. 2002) (quoting **Commonwealth v. Jones**, 700 A.2d 423, 426 (Pa. 1997)). Although not made a part of the certified record, Appellant attaches to his appellate brief as "Appendix B" what he purports to be a cash slip dated 9/15/17 requesting that an amount be deducted from his inmate account for additional postage for the purposes of mailing his PCRA petition. He also attaches as "Appendix C" a copy of what appears to be his monthly account statement which shows an amount of $1.82 was deducted for postage on 9/18/17.

*Id.* at 226, 812 A.2d at 501.

This Court has determined that the holding in *Muniz* does not apply retroactively at this time to untimely-filed PCRA petitions and, therefore, *Muniz* cannot satisfy the "new constitutional right" exception of Section 9545(b)(1)(iii). In doing so, we

> [a]cknowledge[d] that **this Court** has declared that, "*Muniz* created a substantive rule that retroactively applies in the collateral context." *Commonwealth v. Rivera–Figueroa*, 174 A.3d 674, 678 (Pa.Super. 2017). However, because [the] [a]ppellant's PCRA petition is untimely (unlike the petition at issue in *Rivera–Figueroa*), he must demonstrate that the **Pennsylvania Supreme Court** has held that *Muniz* applies retroactively in order to satisfy section 9545(b)(1)(iii). *See Abdul–Salaam, supra*. Because at this time, no such holding has been issued by our Supreme Court, [the] [a]ppellant cannot rely on *Muniz* to meet that timeliness exception.

*Murphy*, at 405–06 (emphasis in original).

Finally, while Appellant did not present an argument regarding the *Butler* decision in his PCRA petition, that decision was not filed until October 31, 2017, at the time Appellant's petition was pending. Nevertheless, this claim raised for the first time in his appellate brief affords Appellant no relief, as neither the United States Supreme Court nor the Pennsylvania Supreme Court has held that this Court's decision in *Butler* applies retroactively, even if *Butler* could be construed as creating a new constitutional right.

In sum, because Appellant's PCRA petition is untimely, and neither the United States Supreme Court nor the Pennsylvania Supreme Court has held that either *Muniz* or *Butler* applies retroactively, Appellant cannot satisfy the

timeliness exception of Section 9545(b)(1)(iii).[6]  Since Appellant makes no attempt to plead and prove any other timeliness exception to the PCRA time-bar, we discern no error in the PCRA court's decision to deny his untimely petition and conclude that we are without jurisdiction to offer Appellant any form of relief. ***See Commonwealth v. Jackson***, 30 A.3d 516, 523 (Pa.Super. 2011), *appeal denied*, 616 Pa. 634, 47 A.3d 845 (2012).[7]

Order affirmed.

Judge Lazarus joins the memorandum.

Judge McLaughlin concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/17/19

---

[6] Certainly, if the Pennsylvania Supreme Court issues a decision holding that either ***Muniz*** or ***Butler*** applies retroactively, Appellant may then file a PCRA petition, within 60 days of that decision, attempting to invoke the 'new retroactive right' exception of section 9545(b)(1)(iii). ***See Murphy*** at 405 n. 1.

[7] "[A]n appellate court is not bound by the rationale of the trial court and may affirm on any basis if the record supports it." ***Commonwealth v. Diaz***, 183 A.3d 417, 421 (Pa.Super. 2018).