J-S17038-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
QUANTE LEVON CRUZ :
:
Appellant : No. 1978 EDA 2021

Appeal from the PCRA Order Entered August 24, 2021
In the Court of Common Pleas of Lehigh County
Criminal Division at No: CP-39-CR-0004168-2018

BEFORE: BOWES, J., LAZARUS, J., and STABILE, J.

MEMORANDUM BY STABILE, J.: **FILED SEPTEMBER 01, 2022**

Appellant, Quante Levon Cruz, appeals *pro se* from the August 24, 2021 order entered in the Court of Common Pleas of Lehigh County, dismissing his petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. Following review, we quash Appellant's appeal as untimely filed.

As the PCRA court explained in its Rule 1925(a) opinion, Appellant entered a guilty plea on January 13, 2020 to one count each of third-degree murder and burglary graded as a first-degree felony,[1] with an agreed minimum sentence of 25 years in prison. In exchange for the plea, the Commonwealth withdrew several charges, including a first-degree murder

_____

[1] 18 Pa.C.S.A. §§ 2502(c) and 3502(A), respectively.

charge for which the Commonwealth was seeking the death penalty. Appellant was sentenced on the same day to an aggregate sentence of 25 to 60 years in prison. Appellant did not file post-sentence motions or a direct appeal. Rule 1925(a) Opinion, 11/5/21, at 3.

On January 21, 2021, Appellant filed a timely *pro se* motion for collateral relief pursuant to the PCRA. He filed a second petition the following day that included an attachment identified as "Appellant A."[2] Counsel was appointed and subsequently filed a motion to withdraw and a "no-merit" letter in accordance with ***Turner/Finley***.[3]

On June 1, 2021, the PCRA court conducted a hearing on counsel's motion to withdraw. The court recognized that counsel's motion referred to notes of testimony from the January 13, 2020 guilty plea but that the transcript from the sentencing hearing had not yet been produced.[4] In light of that fact, as well as Appellant's contention that his sentence was illegal and

---

[2] We note that the first petition was dated December 15, 2020; postmarked on January 15, 2021; and date stamped by the Lehigh County Clerk of Judicial Records on January 21, 2021. The second was dated January 8, 2021; postmarked on January 13, 2021; and date stamped by the Lehigh County Clerk of Judicial Records on January 22, 2021. That second petition was accompanied by a prisoner cash slip dated January 8, 2021.

[3] ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988).

[4] The PCRA court attributed the mistaken reference to the January 13, 2020 transcript to counsel's use of "a prior ***Turner/Finley*** letter as a template for the current one." Rule 1925(a) Opinion, 11/5/21, at 4.

that he was coerced into a plea, the court took the matter under advisement and ordered that the January 13, 2020 notes of testimony be transcribed. *Id.* at 4.

The transcript was filed on June 14, 2021. Following its review of the transcript, the court entered an order on July 7, 2021, granting counsel's motion to withdraw. The court explained that, even in absence of the transcript, counsel had accurately assessed the merits of Appellant's PCRA claims and correctly concluded that Appellant was not entitled to relief. Simultaneously with entry of its order granting counsel's motion to withdraw, the court issued a Rule 907 notice of its intent to dismiss Appellant's petition. Appellant did not file a response. *Id.* at 4-5.

On August 24, 2021, the court entered an order dismissing Appellant's petition. On September 28, 2021, Appellant filed a *pro se* notice of appeal with this Court. *Id.* at 5.

In accordance with Pa.R.Crim.P. 910, the PCRA court's August 24, 2021 order "constitute[d] a final order for purposes of appeal." Therefore, Appellant was required to file a notice of appeal "within 30 days after the entry of the order from which the appeal is taken." Pa.R.A.P. 903(a). In this case, Appellant was required to file a notice of appeal within 30 days of August 24, 2021, *i.e*, by September 23, 2021.

On November 22, 2021, this Court issued a rule to show cause why the appeal should not be quashed as untimely filed. On December 6, 2021,

- 3 -

Appellant filed a *pro se* response, contending he was abandoned by PCRA counsel and that the court dismissed his petition while Appellant was waiting for new counsel to be appointed, despite "the PCRA court's state[ment] on the record that another counsel would be appointed to have a proper hearing[.]" Response to Rule to Show Cause, 12/6/21, at ¶ 1. Appellant further suggested that he was "wait[ing] for counsel to be appointed to properly file his notice of appeal yet once again the PCRA court failed to appoint another counsel in a timely fashion[.]" *Id.* at ¶ 2.

Appellant acknowledged that the court held a hearing on June 1, 2021[5] on counsel's motion to withdraw, which was granted on July 7, 2021, and that the court dismissed his petition on August 24, 2021. *Id.* at ¶ 3. Appellant acknowledged that "[o]n September 28, 2021 appellant filed a Notice of Appeal Pro Se, and on September 29, 2021 the court directed the appellant to file a 1925(b) concise statement of errors, which appellant filed on October 26, 2021." *Id.* at ¶ 4.

Appellant suggests that the PCRA court "erred by allowing counsel to withdraw from the proceedings while the petition was on Direct Appeal and the Notice of Appeal should be granted Nunc Pro tunc and new counsel should be appointed." *Id.* at ¶ 6. Further, "[t]he above reasoned [*sic*] mentioned are no fault of the petitioner who was left without counsel on his first PCRA

---

[5] The June 1, 2021 transcript is not part of the certified record on appeal.

and abandoned by the same counsel on Direct Appeal." *Id.* at ¶ 7. By order entered on December 20, 2021, this Court entered an order discharging the rule and referring the issue to this panel.

In compliance with orders granting extensions for filing their briefs with this Court, Appellant filed his brief on January 13, 2022, and the Commonwealth filed its brief on April 18, 2022. Neither party addressed the timeliness of the appeal but rather addressed only the merits.[6]

As stated above, the PCRA court's August 24, 2021 order constituted a final order for purposes of appeal and Appellant was required to file a notice of appeal within 30 days of entry of that order, *i.e.*, no later than September 23, 2021. Pa.R.Crim.P 910; Pa.R.A.P. 903(a). While Pa.R.A.P. 105(b) authorizes an appellate court to enlarge time for "doing any act," the court may not enlarge the time for filing, *inter alia*, a notice of appeal. However, the rules do make an accommodation for *pro se* filings by persons incarcerated in a correctional facility. In accord with Pa.R.A.P. 121(b), such a *pro se* filing "is deemed filed as of the date of the prison postmark or the date the filing was delivered to the prison authorities for purposes of mailing as documented

---

[6] The PCRA court recognized that its order dismissing Appellant's petition was entered on August 24, 2021 and that Appellant filed a notice of appeal on September 28, 2021. *See* Rule 1925(a) Opinion, 11/5/21, at 5. However, as was the case with the parties, the court addressed only the merits and not the timeliness of the appeal. *Id.* at 5-13.

by a properly executed prisoner cash slip or other reasonably verifiable evidence."

Here, although Appellant signed his notice of appeal and handwrote September 15, 2021 as the date of his signature, there is no evidence to verify that date. Our Court's records include an envelope that bears a postmark date of September 24, 2021, a day after the deadline, and a notice of appeal that was date stamped by the Lehigh County Clerk of Judicial Records on September 28, 2021, five days after the deadline. Appellant did not provide any official documentation from the prison or the postal service indicating the date on which actually he placed the notice in the hands of prison officials or the postal service in order to avail himself of the "prisoner mailbox rule." *See, e.g., Commonwealth v. Jones*, 700 A.2d 423, 426 (Pa. 1997); *Thomas v. Elash*, 781 A.2d 170, 176 (Pa. Super. 2001). Specifically, Appellant did not provide a prisoner cash slip, as he did when he filed his PCRA petition, *see* n. 2, *supra*; Cash Slip, 1/8/21.

Appellant's failure to provide any evidence of a timely-filed notice of appeal in response to our rule to show cause—or even any contention that his appeal was timely filed, and his failure to address the timeliness issue in his brief, leads us to conclude that Appellant is unable to refute that his appeal was untimely filed. Because this Court lacks jurisdiction to consider untimely

appeals, *see, e.g., Commonwealth v. Capaldi*, 112 A.3d 1242, 1244 (Pa. Super. 2015), we shall quash the appeal.[7]

Appeal quashed.

*Judgment Entered.*

Joseph D. Seletyn, Esq.
*Prothonotary*

Date: *9/1/2022*

_____

[7] Even if we did not quash the appeal as untimely, Appellant would not be entitled to relief. As the PCRA court recognized:

> [T]he predominant issue [Appellant] is pursuing is that he wishes to withdraw his guilty plea as a result of the sentence he ultimately received. Appellant asserts that his plea was unknowingly and unintelligently entered, and that he did not have sufficient time to review his discovery in advance of entering is plea. All of this is belied by the record.

Rule 1925(a) Opinion, 11/5/21, at 8. Having reviewed the record, we agree. The PCRA court addressed Appellant's contentions and found them to lack merit. *Id.* at 8-13. Cognizant of our standard of review (examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error, *see Commonwealth v. Sandusky*, 203 A.3d 1033, 1043 (Pa. Super. 2019), *appeal denied*, 216 A.3d 1029 (Pa. 2019)), we conclude the PCRA court appropriately dismissed Appellant's petition. Therefore, even if we did not quash his appeal as untimely, Appellant's appeal would fail.